[No. 15004.  Department Two.  April 28, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
BACHTOLD, *Appellant*.[1]

INTOXICATING LIQUORS (42)—INDICTMENT AND INFORMATION (60)—
CHARGE IN LANGUAGE OF STATUTE. An information charging, in the
language of Rem. Code, § 6262-22, the unlawful possession of an ex-
cess quantity of whiskey is sufficient without alleging that it was
held for unlawful sale or disposition, in view of Id., § 6262-23, making
possession of more than two quarts *prima facie* evidence that it was
kept for unlawful sale or disposition.

INTOXICATING LIQUORS (48, 50)—UNLAWFUL POSSESSION—EVIDENCE
—SUFFICIENCY. Under Rem. Code, § 6262-23, making possession of
more than two quarts of intoxicating liquors *prima facie* evidence
that it was kept for unlawful sale or disposition, proof of the pos-
session of twenty-five gallons raises a question for the jury, not-
withstanding defendant testified to its lawful acquisition and that
it was kept for his personal use.

CRIMINAL LAW (442)—REVIEW—VERDICT. The supreme court will
not disturb a verdict of guilty on the ground of insufficiency of the
evidence, where there was evidence to support it.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered February 26,
1918, upon a trial and conviction of the possession of
an excess quantity of whiskey.  Affirmed.

*J. W. Brooks,* for appellant.

*M. A. Stafford,* for respondent.

MOUNT, J.—The appellant was charged with having
in his possession an excess quantity of whiskey on the
7th day of January, 1918.  He entered a plea of not
guilty.  The case was tried to a jury, and he was con-
victed.  He appeals from the judgment on the verdict.

Appellant makes two contentions: First, that the
information is not sufficient; second, that, if the in-

[1]Reported in 180 Pac. 896.

formation is sufficient, there was not sufficient evidence
to sustain the conviction.

The information recites:

"The said John Bachtold on the 7th day of January,
1918, then and there being in the county of Walla Walla
aforesaid, did unlawfully have in his possession five
five gallon barrels of whiskey, contrary to the form,
force and effect of the statute, etc."

It is argued that this information is not sufficient
because it does not charge that the excess quantity
of liquor was held for sale or unlawful disposition by
the appellant. The statute, at § 6262-22, Rem. Code,
provides:

"It shall be unlawful for any person to have in his
possession more than one-half gallon or two quarts of
intoxicating liquor . . ."

Section 6262-23, Rem. Code, provides:

"In any prosecution for the violation of any pro-
visions of this act, it shall be competent to prove that
any person had in his possession more than two quarts
of intoxicating liquor . . . and such possession and
the proof thereof, shall be *prima facie* evidence that
said liquor was so held and kept for the purposes of
unlawful sale or disposition."

The appellant relies upon the case of *State v. Eden,*
92 Wash. 1, 158 Pac. 967, 159 Pac. 700. In that case the
information charged that the defendant unlawfully
had in his possession more than one-half gallon or two
quarts of intoxicating liquor, and then recited that the
liquor was owned and possessed prior to the 1st day
of January, 1916, and kept by defendant for his per-
sonal use and not for the purpose of selling or dispos-
ing of the same. Upon these facts, we held the in-
formation was insufficient. But it is not alleged in
the information in this case that the appellant ac-
quired the liquor prior to January 1, 1916, or that he

had it in his possession for his personal use after that time. In fact, the information here charges the opposite, for it says that the accused "did unlawfully have in his possession five five gallon barrels of whiskey." This court has uniformly held that an information which charges the offense in the language of the statute is sufficient. *State v. Moser*, 98 Wash. 481, 167 Pac. 1101; and cases cited in vol. 2 of Remington's Digest under Indictment and Information. The information in this case charges the crime in almost the exact language of § 6262-22, Rem. Code, and is therefore sufficient.

It is next argued that the evidence is not sufficient upon which to base a verdict. Section 6262-23, Rem. Code, above quoted, provides that the possession of an excess quantity of liquor, and proof thereof, shall be *prima facie* evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition. When the state proved that the appellant had in his possession twenty-five gallons of whiskey, that proof made a *prima facie* case for the jury under the statute quoted. The appellant then testified, admitting that he had the liquor in his possession, but that he had been in the saloon business prior to January 1, 1916, and immediately thereafter transferred the liquor to a barn on the back of his premises, drew it from a larger cask into the five five-gallon casks, and kept it for his personal use. He also testified that, during the time he was authorized by law to purchase liquor under the permit system, he purchased additional supplies. It was for the jury to say whether this testimony was true so as to overcome the *prima facie* case. The jury had a right to take into consideration the demeanor and manner of the witness and all the circumstances under which he testified, the condition in

which the liquor was found, and all the attending circumstances; and it was the privilege of the jury to believe or disbelieve this testimony. No exceptions were taken to the instructions of the court, and the jury were told that, if they believed from the evidence that the appellant had procured the liquor lawfully and was holding it for his personal use, no conviction should be had. The jury manifestly concluded by their verdict that the testimony of the witness was not true, and therefore returned a verdict of guilty. We are satisfied from the whole evidence in the case that there was sufficient evidence to raise a question of fact for the jury to pass upon.

"This court has heretofore announced that it will not disturb verdicts of this character, on the ground of alleged insufficiency of evidence, where there is evidence to support the verdict, although it may not be of the most convincing kind." *State v. Ripley,* 32 Wash. 182, 72 Pac. 1036.

The judgment appealed from is therefore affirmed.

PARKER, FULLERTON, MAIN, and HOLCOMB, JJ., concur.