[No. 15261.   Department Two.   July 14, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
WILLIAM CONNER, *Appellant*.[1]

CONTINUANCE (22)—ABSENCE OF WITNESS—ADMISSION TO PREVENT
CONTINUANCE. Under the express provision of Rem. Code, § 2135, a
continuance on account of the absence of a witness, is properly
denied where the prosecuting attorney admitted that the witness
would testify, as claimed, the same as upon a former trial and
such testimony was read to the jury.

INTOXICATING LIQUORS (48, 50) — UNLAWFUL POSSESSION — EVI-
DENCE—SUFFICIENCY. Under Rem. Code, § 6262-23, making possession
of more than two quarts of intoxicating liquors prima facie evidence
that it was kept for unlawful sale or disposition, proof of the posses-
sion of twenty-three quarts of whiskey raises a question for the
jury, notwithstanding defendant testified to its lawful acquisition
and that it was kept for his personal use.

SAME (51)—OFFENSES—INSTRUCTIONS. In a prosecution for illegal
possession of intoxicating liquors, an instruction that there could
be no conviction if the accused had an illegal quantity in his
possession which he intended to be drunk by himself and guests
at his private apartments is favorable to the accused.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered July 8, 1918,
upon a trial and conviction of violating the state-wide
prohibition law.   Affirmed.

*Cooley, Horan & Mulvihill,* for appellant.
*Lloyd L. Black* and *Jesse H. Davis,* for respondent.

HOLCOMB, C. J. — This appeal is prosecuted from
judgment on verdict, under an information charging
that:

". . . in the county of Snohomish, state of Wash-
ington, on or about the 13th day of February, 1918,
then and there being, the said defendant, William
Conner, did then and there wilfully and unlawfully
keep and have in his possession intoxicating liquor,

[1]Reported in 182 Pac. 602.

to-wit: 23 quarts of whiskey, with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same in violation of law, contrary to the form of the statute, etc.''

When the case was called for trial, the appellant moved for a continuance, in support of which he submitted an affidavit reciting that his wife, who was a material witness for the defense, was then confined in bed, having been taken ill the night previous; that the testimony of the witness is fully set forth in the evidence given by her at the former trial of this cause. Whereupon the prosecuting attorney admitted that the absent witness, if present, would testify as stated in the motion. Appellant stated to the court that his wife was suffering from grippe; that he had not called a doctor, but when he left that morning he told her to get Dr. Jacobson. The motion for continuance was overruled, which the appellant assigns as error.

As the testimony of the absent witness was read in evidence, the motion for continuance was rightly overruled, in view of the admission of the prosecuting attorney, the statute providing that,

"A continuance may be granted in any case on the ground of the absence of evidence, on the motion of the defendant, supported by affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it, and also the name and place of residence of the witness or witnesses, and the substance of the evidence expected to be obtained; and if the prosecuting attorney admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the continuance shall not be granted." Rem. Code, § 2135.

The frequent abuse of the right to obtain a continuance has induced stricter vigilance by the courts to prevent such abuse. The very nature of the relief

requested is such that the decision of the question necessarily rests almost entirely upon the discretion of the trial court, and we are not inclined to interfere with such discretion unless abused to the extent of prejudicing the applicant's right to a fair trial.

It is also contended that the evidence was insufficient to sustain the conviction. It is not disputed that twenty-three quarts of whiskey were found by the raiding party in appellant's apartments, but he contends that this was kept by him for his own consumption, to be drunk in his home by himself and guests; that there was no evidence to go to the jury to show that he ever intended to sell any of the liquor.

The contention of appellant is answered by the statute (Rem. Code, § 6262-23), which provides that:

"In any prosecution for the violation of any provisions of this act, it shall be competent to prove that any person had in his possession more than two quarts of intoxicating liquors . . . and such possession and the proof thereof, shall be *prima facie* evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition."

Under the statute, when the state proved possession by appellant of twenty-three quarts of whiskey, that proof made a *prima facie* case for the jury. *State v. Bachtold*, 106 Wash. 550, 180 Pac. 896.

As we said in *State v. Gray*, 98 Wash. 279, 167 Pac. 951:

"The statutory presumption is an evidential presumption expressly made sufficient in itself *prima facie* to overcome the presumption of innocence; else the statute has no meaning at all."

Appellant admitted that the twenty-three quarts were all that remained of thirty-six quarts purchased by him in January or February, 1918, from a man he had never seen before. He also admitted enjoying

the liquor with guests in his apartments, but denied selling of same to any one. It was for the jury to say whether the testimony on the part of appellant was true, so as to overcome the *prima facie* case. It must be assumed that the jury took into consideration the demeanor and manner of the witness and all the circumstances under which he testified, and it was their privilege to believe or disbelieve the testimony offered in defense to the charge.

The instruction to the jury that no conviction should be had even if they found that appellant did have an illegal quantity of liquor in his possession, if they also found that he intended to drink the liquor himself or intended to give it to his guests in his private apartment to be drunk while there, and if the apartment was not a place of public resort, was favorable to the appellant. It is manifest that the jury concluded by their verdict that the testimony of the witness was untrue.

A careful examination of the record convincing us that there was sufficient evidence to raise a question of fact upon which the jury should pass, and that the appellant had a fair and impartial trial, the judgment appealed from is affirmed.

Mount, Parker, Bridges, and Fullerton, JJ., concur.