[No. 17057. *En Banc.* October 2, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v.
L. D. HODGES, *Appellant.*[1]

INTOXICATING LIQUORS (30)—OFFENSES—BOOTLEGGING—ILLEGAL POSSESSION—INTENT TO SELL—PRESUMPTIONS—STATUTES—CONSTRUCTION. Under the amendment of 1917, Rem. Comp. Stat., § 7328, adding new offenses to the liquor enforcement act, defining bootlegging as the carrying about of intoxicating liquor for the purpose of unlawful sale, and making the same a felony, the intent to sell is a necessary element of the offense of bootlegging; and a conviction thereof can not be sustained where the only substantial evidence is possession, which is itself a misdemeanor under the act.

SAME (30). In view of Rem. Comp. Stat., § 7309, making it a misdemeanor to have possession of intoxicating liquor with intent to sell or dispose of the same and also making it unlawful to sell

[1]Reported in 209 Pac. 843.

or dispose of the same wholly independent of criminal intent, Id., § 7329, originally enacted in connection therewith and later amended, which makes proof of possession of intoxicating liquor *prima facie* evidence that it was kept for unlawful sale or disposition, can not be applied to a prosecution for bootlegging, based on the bare possession of intoxicating liquor, the same being added to the liquor enforcement act and defined by the amendatory act, Id., § 7328, which makes it a felony to carry liquor about for the purpose of unlawful sale or disposition; since intent to sell is made an essential element of the offense of bootlegging without stating that it can be inferred from possession; while the original act makes possession a misdemeanor and *prima facie* evidence only of the purpose of unlawful sale or disposition, which are misdemeanors under the act.

BRIDGES, MACKINTOSH, FULLERTON, and MAIN, JJ., dissent.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered December 16, 1920, upon a trial and conviction of the crime of bootlegging. Reversed.

*Shrauger & Henderson,* for appellant.

*W. L. Brickey* and *Sumner Hurd,* for respondent.

MITCHELL, J.—The appellant was convicted of the crime of bootlegging, that is, that on or about October 13, 1920, he did, unlawfully and feloniously, carry about with him for the purpose of unlawful sale certain intoxicating liquor.

Upon the appeal several assignments of error are made, all of which are without merit except the one that the verdict and judgment are contrary to the law and the evidence. The controlling facts are plain, simple, without dispute, and are as follows: About daybreak, October 13, 1920, the appellant, while coming down a trail from the foothills in Skagit county, carrying a small cask of liquor in a gunny sack on his shoulders, was apprehended by deputy sheriffs. Upon learning they were officers, he inquired whether he could not fix it up with them—if they would not take the liquor

and let him go. His story was that he had found it in the woods while hunting and was taking it home for his own use. He told the same story while testifying at his trial. At the call of the case for trial, he offered to plead guilty to unlawful possession of intoxicating liquor, and throughout the trial objected to any other verdict or judgment against him. This was denied him, and the case was given to the jury on the charge of bootlegging and the lesser included offense of illegal possession of intoxicating liquor. A motion for a new trial, mentioning practically all of the statutory grounds, was denied.

The controversy hinges upon the applicability to the facts in the case of the statutory presumption that possession and proof of the possession of intoxicating liquor shall be *prima facie* evidence that the liquor was held and kept for the purpose of unlawful sale or disposition. Laws of 1917, ch. 19, p. 61, § 12; Rem. Comp. Stat., § 7329. That instruction was given to the jury. The laws of this state relating to intoxicating liquors, commencing with initiative measure No. 3 and including the amendments of 1917, have classified violations into two kinds, the one independent of intent, the other requiring a criminal intent.

Section 4 of the original measure, Laws of 1915, ch. 2, p. 3 (Rem. Comp. Stat., § 7309), reads as follows:

"It shall be unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to keep any intoxicating liquor, with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided."

That is, it shall be unlawful to sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, wholly independent of criminal intent, while it is further declared to be unlawful to keep any

intoxicating liquor with intent to do any of those enumerated things with it. The measure provided for what is commonly known as the permit system, and § 23 p. 15, provided that, in any prosecution for the violation of the provisions of the act, proof of the possession of a greater amount of liquor or beer than allowed by a permit should be *prima facie* evidence that the liquor was so held and kept for the purpose of unlawful sale or disposition. By § 31, p. 16, persons convicted of any violation of the act should be punished by a fine or imprisonment in the county jail, or by both such fine and imprisonment. That is, all violations, whether criminal intent was involved in the transaction or not, were misdemeanors only.

The legislature of 1917, ch. 19, p. 46 *et seq.*, abolished the permit system. This act amended the original one, initiative measure No. 3 (Laws of 1915, p. 2), by adding thereto a new section to be known as § 17h, p. 60 (Remington's Compiled Statutes, § 7328), by which three new crimes were created, (1) making it unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol; (2) the crime of being a jointist, and (3) the crime of bootlegging. The section provides that any person convicted of being either a jointist or a bootlegger shall be guilty of a felony and punished by imprisonment in the state penitentiary. By § 12 of this act (p. 61) [Remington's Compiled Statutes, § 7329], § 23 of the original measure was amended so as to omit any reference to the amount of liquor one might lawfully possess, as under the permit system, and is in all other respects the same, making possession and proof thereof of intoxicating liquor other than alcohol

*prima facie* evidence that the liquor was so held and kept for the purpose of unlawful sale or disposition. Section 14, p. 61, of the act (Remington's Compiled Statutes, § 7338), by way of amendment repeats § 31, p. 16, of the original measure making violations of the law, for which punishment is not specifically prescribed, misdemeanors punishable by a fine, or imprisonment in the county jail, or by both such fine and imprisonment.

Thus, by the original measure and by the amendatory act of 1917, there have been defined the crimes mentioned in § 4 of the original measure and the three mentioned in § 17h added by the legislature in 1917. Nor are we without a definition of the crime of bootlegging. Section 17h says: "Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger' "—a clear statutory definition of a crime consisting of two elements, the one material, the other mental, the one a fact, the other intent; carrying about with him intoxicating liquor for the purpose of the unlawful sale of the same, both of equal importance and need to be proven in order to convict. In the bootlegging case of *State v. Hessel,* 112 Wash. 53, 191 Pac. 637, where the defendant contended evidence was improperly admitted of separate and distinct unlawful sales of liquor, we said: "Here the guilty intent must be proven by acts other than the act of carrying liquor about and proof of sales was competent to prove that intent." Counsel for the state relies somewhat upon the case of *State v. Jewett,* 120 Wash. 36, 207 Pac. 3. That case, however, is not inconsistent with the case of *State v. Hessel, supra,* nor with the conclusion we reach herein, because, while all of the facts and circumstances in the case, other than the unlawful pos-

session of intoxicating liquor, from which the jury were entitled to find the intent and purpose on the part of the defendant, were not fully set out in the opinion, it is evident that there were such other facts and circumstances in that case.

In the present case, the inquiry of the appellant at the time he was arrested whether he could not fix the matter up with the officers is no more suggestive of bootlegging than it is of any one of several other crimes involving the possession of intoxicating liquor. Nor does the evidential presumption declared in § 17h of the act save the prosecution. Clearly the legislature did not mean by it that possession of intoxicating liquor and proof thereof should be *prima facie* evidence that the liquor was held and kept for the purpose of unlawful sale—a purpose and intent essential in bootlegging—else the act would have so stated. On the contrary, the language is very clear that the possession of intoxicating liquor and the proof thereof shall be *prima facie* evidence that the liquor was so held and kept for the purpose of unlawful sale *or disposition*. There are crimes, some with and others without specific criminal intent, in disposing of intoxicating liquor other than making sales thereof, all of which are misdemeanors only, and in a situation like this where the only substantial evidence is simply possession (which of itself is a misdemeanor under the amendatory act of 1917), it will not do to hold that the statutory presumption shall be wholly appropriated for the purpose of establishing the felony of bootlegging. Such a construction of the statute would amount to speculation and venture rather than that degree of certainty and satisfaction which should characterize all convictions of crime.

Our conclusion is that the verdict and judgment are contrary to law and the evidence, and that the motion

for a new trial should have been granted. It is so ordered.

PARKER, C. J., TOLMAN, HOLCOMB, and HOVEY, JJ., concur.

BRIDGES, J. (dissenting)—I dissent. There are three elements in the statutory crime of bootlegging; possession, carrying about, and intent to sell. It is my position that, where one is charged with this offense, the state must affirmatively prove the possession and the carrying about, and that proof having been made, the statute furnishes *prima facie* evidence of the third element, to wit, the intent to sell. This statutory *prima facie* case may, of course, be overcome by affirmative proof. It seems to me that the court's opinion falls into a fundamental error in giving the so-called presumption statute the same, or substantially the same, meaning it had under initiative measure number three. Under that statute (Laws of 1915, ch. 2, p. 2), it was a misdemeanor to "sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, . . . .," or to have any in possession in excess of a designated amount; possession within that amount being lawful. Under that act, proof of possession of more than the lawful amount was made *prima facie* evidence of intent to unlawfully sell or dispose of it. Laws of 1915, ch. 2, § 23, p. 15. The 1917 act added the three important crimes of having possession of any amount of liquor, bootlegging and operating a joint, and amended the former presumption statute by eliminating from it the idea that it was lawful to have in possession any amount of liquor. Without doubt, the old statute applied to sales, barters, exchanges, giving away, or other disposition. Such a construction would give it the force which the legislature intended it should

have.  The new presumption statute is made to apply
to an entirely different situation and to entirely differ-
ent offenses.  We must assume that the legislature de-
liberately and for a purpose enacted the present pre-
sumption statute, and we must give it such force as it
is apparent the legislature intended it should have.

As the law now stands, it is unlawful to have in pos-
session any amount of intoxicating liquor, or to barter,
exchange or give away any such liquor, and such of-
fenses are misdemeanors, all punishable alike.  To say,
as the court's opinion does, that the present presump-
tion statute can apply only to these acts is to accuse the
legislature of deliberately enacting an apparently im-
portant section of the statute, which, from a practical
standpoint, is useless and without effect.  To say that
proof of possession of intoxicating liquor, which in it-
self is a misdemeanor, is *prima facie* evidence of intent
to give away, barter, exchange or otherwise dispose of
such liquor, which in themselves are, under the statute,
misdemeanors, would be to give a presumption where
none is needed.  I think the court's opinion does not
expressly say that the statute applies only to these
misdemeanors, but that is the effect.  It says that, in a
case of this character, the state must affirmatively
prove the intent to sell.  If so, then the proof more
than covers the statutory presumption and makes it a
dead letter.  In my opinion, it was because the legisla-
ture knew how difficult it would be for the state to
affirmatively prove the intent to sell that it enacted
that proof of possession should be "*prima facie* evi-
dence that said liquor was so held and kept for the pur-
pose of unlawful sale or disposition."  By this provi-
sion it intended to place on the defendant the burden
of proving what he intended doing with the liquor

found in his possession and which he was carrying about.

But it is said that since the proof of possession under the present statute is *prima facie* evidence that the liquor is kept for "unlawful sale or disposition," if there is no affirmative proof, the jury is left to guess and speculate whether the liquor is held and kept for "sale" or "disposition." This argument is probably sound if the words "sale" and "disposition" have different meanings—if they do not mean the same thing— if "disposition" means to barter, give away and the like, because without affirmative proof there would be nothing before the jury by which it could determine whether the intent was to sell or otherwise dispose of the liquor. To hold that these words, as used in the statute, have different meanings would be to require the state to show affirmatively that the intent of the person possessing and carrying about was either to sell or make other disposition of the liquor; but if the state must make this proof, then it is deprived of any beneficial use of the presumption statute. In order to give vitality to this section, it is necessary to hold that the words "sale" and "disposition" mean the same thing—to wit, sale. To apply it to the misdemeanors only, would be to strangle it; to apply it to the crime of bootlegging would be to give it force.

I think the judgment should be affirmed.

MACKINTOSH, J. (concurring)—I concur in the opinion expressed by Judge Bridges.

FULLERTON and MAIN, JJ., concur with BRIDGES, J.