[No. 17270. Department One. November 13, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v.
PETE CHRISTENSEN, *Appellant*.[1]

INTOXICATING LIQUORS (30, 50)—UNLAWFUL POSSESSION—BOOT-
LEGGING—EVIDENCE—SUFFICIENCY. A conviction of ·bootlegging is
sustained by evidence of possession of intoxicating liquor and of
carrying it about, and of admissions by the defendant that his
purpose was to sell only to single men.

CRIMINAL LAW (143)—INTOXICATING LIQUORS (30, 50)—EVIDENCE
—PRIOR CONVICTIONS—CERTIFIED COPIES. Upon an information charg-
ing a prior conviction of a violation of the liquor act, the record of
a justice of the peace certified by the justice to be a true copy, is
admissible as *prima facie* evidence, within the act requiring a "certi-
fied transcript from the docket of any justice of the peace"; and
there need be no proof that he was a justice of the peace.

EVIDENCE (15)—JUDICIAL NOTICE—OFFICERS. The superior court
takes judicial notice of the officers of the county, including justices
of the peace.

INTOXICATING LIQUORS (51) — BOOTLEGGING — INSTRUCTIONS. A
charge defining bootlegging in the language of the statute is suffi-
cient, without adding that the defendant's purpose was to make
an unlawful sale "while he was so carrying it about."

Appeal from a judgment of the superior court for
Skagit county, Brawley, J., entered August 8, 1921,
upon a trial and conviction of bootlegging. Affirmed.

*C. D. Beagle,* for appellant.

*W. L. Brickey* and *W. H. Hodge,* for respondent.

TOLMAN, J.—The appellant, Pete Christensen, was
convicted of the crime of bootlegging. On appeal, he
assigns as error, (1) refusal of the court to sustain his
challenge to the sufficiency of the evidence; (2) erro-
neous admission of evidence; and (3) the giving of
certain instructions by the court to the jury, and the
refusal to give certain requested instructions.

[1]Reported in 210 Pac. 376.

As to the evidence offered by the state, while it clearly showed unlawful possession and unlawful carrying about, there was also the testimony of two witnesses to the effect that, when apprehended, appellant said that his purpose was to sell to single men only, and that he never sold liquor to married men, and other like statements. Appellant denied having made these admissions, but this testimony and other circumstances shown by the state were clearly sufficient to take to the jury the question of whether the admitted carrying about was for the purpose of unlawful sale. The rule adopted in *State v. Hodges,* 121 Wash. 362, 209 Pac. 843, has no application here; this case being governed by the rule announced by this court in *State v. Jewett,* 120 Wash. 36, 207 Pac. 3.

The information charged the defendant with a former conviction of a violation of the liquor act. To prove the conviction, the state produced the transcript of a record of a justice of the peace court showing the conviction, certified by the justice to be a true copy of the record. It is argued that this is not a sufficient authentication, but we cannot so conclude. The statute provides that a ''certified transcript from the docket of any justice of the peace'' shall be sufficient evidence and proof of such prior conviction. The statute does not say who shall make the certificate, but obviously it is the keeper of the record, the justice of the peace, who is meant. Nor need there be proof that the person making the certificate as justice of the peace is in fact such justice. Superior courts take judicial notice of the officers of the county in which they sit, *State v. Humason,* 5 Wash. 499, 32 Pac. 111, and this certificate was made by a justice of the peace of the county in which the cause was tried. But, aside from this, we think the certificate is sufficient under the

statute, in any event. It is within the power of the legislature to prescribe what authentication of a document is sufficient to make it admissible as evidence, and when it prescribes that a certified transcript from the docket of any justice of the peace is sufficient evidence and proof, the courts need look no farther than the formal certificate of the justice. It is, of course, but *prima facie* proof, and is subject to attack on grounds that any other authenticated document may be attacked, but it is sufficient on its face.

The court charged the jury that they could find the defendant guilty if they found that he was carrying the liquor about with him for the purpose of unlawful sale. The defendant requested an instruction to the effect that they must find, to constitute a completed offense, that the defendant was carrying the liquor about with him for the purpose of unlawful sale "while he was so carrying it about." But the charge of the court was in the language of the statute, and we hold it sufficient. The judgment will stand affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.