[No. 17696.    Department One.    April 19, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v.
CLYDE DUNCAN, *Appellant.*[1]

JURY (58)—EXAMINATION OF JUROR—QUESTION OF LAW. In a prosecution for bootlegging and unlawful possession of liquor, a prospective juror cannot be asked whether, if the state proves possession, he would require the accused to prove that he did not have it for unlawful use; it being the duty of jurors to take the law from the court.

CRIMINAL LAW (444)—APPEAL—HARMLESS ERROR. Error cannot be assigned upon a question to a witness which was not answered.

INTOXICATING LIQUORS (49)—OFFENSES—BOOTLEGGING—EVIDENCE— ADMISSIBILITY. In a prosecution for bootlegging and unlawful possession of liquor, it is proper to cross-examine the accused as to an incident when school boys found liquor belonging to, and were threatened by, him, as tending to show that he was in the liquor business and had possession of the liquor in question.

SAME (51)—UNLAWFUL POSSESSION—BOOTLEGGING — EFFECT OF OPENING STATEMENT. In a prosecution for bootlegging and unlawful possession of liquor, the issue of bootlegging should not be withdrawn from the jury on the ground that it was not covered in the prosecuting attorney's opening statement, where it appears to have been sufficiently broad to cover bootlegging.

SAME (48, 50)—UNLAWFUL POSSESSION—BOOTLEGGING—EVIDENCE— SUFFICIENCY. A conviction for bootlegging is sufficiently supported by evidence of a "carrying about" where four quarts of moonshine was in accused's automobile, operated on the public highway late at night, and he had been seen at another time in the neighborhood in possession of a large amount of liquor.

SAME (53)—SEARCHES AND SEIZURES—WITHOUT WARRANT—PROPERTY SUBJECT. In a prosecution for bootlegging, error requiring a new trial cannot be based on the fact that the liquor offered in evidence was seized without a search warrant, where that objection was not made at the trial, and where no search warrant was necessary because the liquor was in plain view.

Appeal from a judgment of the superior court for Skagit county, Brawley, J.; entered January 17, 1922,

[1]Reported in 214 Pac. 838.

upon a trial and conviction of the crime of bootlegging. Affirmed.

*Shrauger & Henderson,* for appellant.

*W. L. Brickey* and *W. H. Hodge,* for respondent.

BRIDGES, J.—The police officers strongly suspected that illicit liquor was being manufactured in the woods near the town of Hamilton, in Skagit county, and was being brought therefrom on the public highway. For the purpose of investigating this situation, a sheriff and two deputies, late one evening, drove to a point near a certain logging camp, which was located near the highway leading to Hamilton, and there saw an unoccupied automobile standing beside the road. The officers concealed their own car and then lay in waiting to see what would be done with the strange car. About eleven o'clock at night, the defendant entered the car and started down the road. He was stopped and arrested by the officers after considerable difficulty. A quart jar of so-called moonshine whiskey was found in the possession of the defendant. The testimony showed that originally there had been four quart jars of whiskey in a sack, but as soon as defendant saw he was about to be arrested, he broke all the bottles, save one, and their contents were lost. These bottles were broken by the defendant striking them against the steering wheel of his automobile, and in fighting off the officers. Defendant was charged with the crime of bootlegging, and upon a trial before a jury was found guilty. He has appealed from the judgment on the verdict.

In making up the jury, the appellant questioned one of them as follows: "If you are sworn as a juror, will you, if the state proves possession, cause the defendant to prove that he did not have it for unlawful use?"

The objection to this question was properly sustained. It was the duty of the court to instruct the jury on the questions of law involved in this case, and, of course, the duty of the jury to follow the court's instructions.

Another claim of error is that the court erred in overruling the appellant's objection to a question propounded to one of the witnesses concerning his knowledge of liquor being brought down the road in question. We will not discuss this assignment because no answer was made to the question.

During the cross-examination of the appellant, he was asked by the prosecuting attorney whether he were not with a certain other person when some schoolboys found liquor belonging to him and the other person, and that appellant had threatened physical injury to the boys if the liquor were not returned. The court overruled appellant's objection to the question. There was no error in this ruling. An answer in the affirmative would have tended to show that the appellant was engaged in the liquor business and had possession of the liquor in question for the purpose of unlawful sale.

Appellant claims error because the court refused to take from the jury the question whether he was a bootlegger, and to submit only the question of possession of intoxicating liquor, and because the court overruled his motion for judgment notwithstanding the verdict and denied his motion for a new trial.

It is first contended that, under the opening statement made by the prosecuting attorney to the jury, the court should have instructed the jury that the only question for them to determine was that of simple possession of intoxicating liquor, withdrawing the question of bootlegging. This claim of error is based on the assertion that the prosecuting attorney, in making his opening statement, disclosed such facts as would

show possession only. Section 339, Rem. Comp. Stat., provides that, when a jury has been sworn;

"(1) The plaintiff shall briefly state the cause of action and the evidence by which he expects to sustain it."

If it be conceded that the court is bound to entertain such a motion upon its merits (a question which we do not determine), yet, we hold that it was properly denied. The facts as stated by the prosecuting attorney in his opening statement were sufficiently broad to cover the charge of bootlegging.

But it is contended that, while the testimony showed possession, it did not show any carrying about or any intent to sell. The appellant had the liquor in his possession and it was in his automobile, which was being operated on the public highway. This was certainly a carrying about, as provided by the statute.

There was also amply sufficient testimony to go to the jury on the intent to sell. It is true, appellant stated that he had found the liquor in the woods the day before and had come back in his automobile to get it, solely for the purpose of drinking it himself, and that he did not intend to make any unlawful sale of it. But there were other facts from which the jury could justly conclude that he did intend to sell the liquor— the fact that he had in his possession four quarts; that he was carrying it about in his automobile late at night; that he had been seen at another time in the same neighborhood in possession of a large amount of liquor; the circumstances of his arrest, and other similar facts.

This case falls within the doctrine of the cases of *State v. Jewett,* 120 Wash. 36, 207 Pac. 3; *State v. Meyers,* 121 Wash. 579, 210 Pac. 4; and *State v. Christensen,* 122 Wash. 236, 210 Pac. 376.

Appellant also claims. he is entitled to a new trial because it was shown upon the cross-examination of the sheriff and one of his deputies that the liquor which was offered in evidence by the state was seized without a search warrant. There are at least two clear answers to this contention; in the first place, we do not find anywhere in the record where the appellant objected to the introduction in evidence of the liquor which was found in his possession; and, in the next place, the facts of this case show no search warrant was necessary because the officers did not have to make any search to find the liquor. It was in plain view. During the arrest, appellant was doing his best to destroy it as evidence, by breaking the bottles on the steering wheel, and, indeed, on the heads of the officers themselves. *State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394; *State v. Miller,* 121 Wash. 153, 209 Pac. 9.

The appellant had a fair trial. The judgment is affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.