[No. 21449. *En Banc.* July 11, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY G. HURLBERT *et al.*, *Appellants.*[1]

*Henry N. Martin,* for appellants.
*H. A. Davis,* for respondent.

TOLMAN, J.—Roy G. Hurlbert and Alice Hurlbert, husband and wife, were jointly informed against by the prosecuting attorney of Okanogan county for the crime of bootlegging. They were convicted by the verdict of a jury, adjudged guilty by the court, and severally sentenced to a term of imprisonment. Both appeal.

[1]Reported in 279 Pac. 123.

■ The information charged the husband with a former conviction of a violation of the prohibition statutes. Based on this fact, the appellant wife, when the cause was called for the purpose of fixing the time of trial, moved for a separate trial. The motion was denied, and the action of the court in that respect constitutes the first of the errors assigned on the appeal. But whether or not the defendants may have separate trials is rested by the statute in the discretion of the trial judge. Rem. Comp. Stat., § 2161. Possibly, like many other discretionary orders, the ruling of the trial judge on the question is subject to review for manifest abuse, but this court has heretofore indicated that some very substantial reason must exist for so doing before the right will be exercised. *State v. Ditmar,* 132 Wash. 501, 232 Pac. 321; *State v. Andrich,* 135 Wash. 609, 238 Pac. 638. In this instance, we find nothing in the record which warrants the conclusion that there was here an abuse of discretion. The trial judge, when the evidence of the former conviction of the husband was introduced, distinctly stated to the jury that it was not evidence of the guilt of either of the defendants of the crime for which they were on trial, and in the final instruction to the jury charged them to the same effect. Unless, therefore, we are to hold that there must be separate trials in every instance where two or more persons are charged with a violation of the liquor laws of the state, and one of them only is charged with having been convicted of a prior violation of the same laws, we cannot so hold in this instance. This we decline to do, especially so since the statute itself makes it the imperative duty of the prosecuting attorney, where he has knowledge of prior convictions of the person accused of violations of the act, to allege such prior conviction in the information.

■ It is next urged that the state failed in its

proofs of venue. It is true that no witness testified directly that the offense was committed in the county in which the venue was laid, but there was abundant evidence otherwise before the jury to show the situs of the crime. It is not essential, in order to prove venue, that some witness testify directly that the offense was committed in a designated county. It is enough if it appears at the trial indirectly that the venue is properly laid. Here the evidence leaves no doubt as to the fact, and the proofs were sufficient under our repeated holdings. *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810; *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *State v. Kincaid,* 69 Wash. 273, 124 Pac. 684; *State v. Chin Sam,* 76 Wash. 612, 136 Pac. 1146; *State v. Libby,* 89 Wash. 27, 153 Pac. 1058, 155 Pac. 746; *State v. Wynn,* 125 Wash. 398, 216 Pac. 872; *State v. Neadeau,* 137 Wash. 297, 242 Pac. 36; *State v. Heppell,* 148 Wash. 664, 269 Pac. 1046.

■ The appellants question the sufficiency of the evidence to sustain the verdict—the specific objection being that there was no evidence from which the jury could find that the appellants carried intoxicating liquor about with them for the purpose of unlawful sale. As to the principal facts of the case, there is no substantial dispute. The appellants lived on a farm some few miles distant from the town of Tonasket, in Okanogan county. On the morning of February 12, 1928, they started to go to the town named, traveling in an automobile. On the road to the town, they picked up, from its place of concealment, a two-gallon jug, containing moonshine whiskey. The jug was in a gunny sack, and was held by the wife on her lap, while she sat in the front seat by the side of her husband, who drove the automobile. The sheriff of the county of Okanogan, with a deputy, left the town of Tonasket on the same morning, going in search of a missing

automobile.  As he reached a fork in the road some short distance from the town, he stopped his car for the purpose of ascertaining, if he could, which one of the forks the automobile for which he was searching had been driven.  Soon after he stopped, he saw the appellants approaching, and waited for them, intending to inquire of them whether they had met or had seen the automobile for which he was searching.  He did not then know who the appellants were, and had no thought that they were other than travelers on the highway upon a lawful errand.  As the appellants reached him, he signaled for them to stop.  The driver of the automobile heeded the signal.  The wife thereupon took a hammer and struck the jug two or more blows, breaking it, and causing the greater part of the liquid it contained to spill through the floor of the automobile to the ground.  Her actions aroused the suspicion of the sheriff, and he left his own automobile and went over to the appellants, where he discovered the odor of intoxicating liquor.  He then put the appellants under arrest, took them to Tonasket where they were charged with the offense of which they were afterwards convicted.

There was no other evidence on the part of the state tending to show the purpose for which the appellants were carrying about the liquor.  The appellants themselves offered an explanation, but this it is unnecessary to detail.  It is enough to say that, had the jury believed it, it was sufficient to acquit them of the major offense charged in the information.

The vital question here is whether the evidence on the part of the state, which we have detailed, was sufficient to take to the jury the question of the guilt of the appellants upon the major charge of the information.

In deciding a similar question the court, sitting *En Banc,* after reviewing the facts and the law said:

"Nor does the evidential presumption declared in § 17h of the act save the prosecution. Clearly the legislature did not mean by it that possession of intoxicating liquor and proof thereof should be *prima facie* evidence that the liquor was held and kept for the purpose of unlawful sale—a purpose and intent essential in bootlegging—else the act would have so stated. On the contrary, the language is very clear that the possession of intoxicating liquor and the proof thereof shall be *prima facie* evidence that the liquor was so held and kept for the purpose of unlawful sale *or disposition.* There are crimes, some with and others without specific criminal intent, in disposing of intoxicating liquor other than making sales thereof, all of which are misdemeanors only, and in a situation like this where the only substantial evidence is simply possession (which of itself is a misdemeanor under the amendatory act of 1917), it will not do to hold that the statutory presumption shall be wholly appropriated for the purpose of establishing the felony of bootlegging. Such a construction of the statute would amount to speculation and venture rather than that degree of certainty and satisfaction which should characterize all convictions of crime." *State v. Hodges,* 121 Wash. 362, 209 Pac. 843.

A pronouncement which needs no interpretation and from which we have never consciously departed.

The state, however, seems to urge that the *Hodges* case has been overruled by our subsequent decisions, and, to sustain this contention, it cites *State v. Gleen,* 135 Wash. 153, 237 Pac. 292; *State v. Presta,* 142 Wash. 539, 253 Pac. 811; *State v. Peck,* 146 Wash. 101, 261 Pac. 779, and *State v. Rondeau,* 148 Wash. 402, 269 Pac. 3.

In the *Gleen* case, *supra,* the accused was found in the possession of more than one hundred pints of Canadian beer. Clearly, the quantity alone was suf-

ficient to support an inference that there was an intent to sell.

In the *Presta* case, *supra,* the accused was not only in possession of a gallon of moonshine, which he was then dispensing to others, but more moonshine was immediately found in his automobile, and there was ample evidence from which the jury might have found that he was, or had been, conducting a still from which he derived large quantities of moonshine whiskey for the purpose of sale.

In the *Peck* case, *supra,* the accused was found in possession of fifty-seven sacks of beer, each containing two dozen bottles, and fifty-two sacks, each containing one dozen bottles of assorted liquors. These facts, with other circumstances, raised a question for the jury.

In the *Rondeau* case, *supra,* there was not only evidence from which the possession of large quantities of liquor could be inferred, but there was evidence also of actual soliciting of sales.

When the facts are considered, it is quite evident that in each case there was evidence to carry the issue of intent to sell to the jury, and that the statutory presumption was not warped from its plain terms and "wholly appropriated" to selling as distinguished from other unlawful disposition.

Other cases referred to are *State v. Christensen,* 122 Wash. 236, 210 Pac. 376, where the *Hodges* case was cited and followed, and *State v. Duncan,* 124 Wash. 372, 214 Pac. 838, where it was properly held that the evidence was sufficient to go to the jury on the question of intent to sell. If there are any other cases subsequent in time to the *Hodges* case which have not been called to our attention, we venture the assertion that they will be found likewise readily reconcilable.

As we see no evidence here on the part of the state, other than the possession of some moonshine whiskey in a two gallon jug, no attempt being made to fix the amount, we conclude that the major charge should not have been submitted to the jury and that its verdict should have been, on appellant's motion, set aside.

Reversed.

MAIN, BEALS, FRENCH, and PARKER, JJ., concur.

HOLCOMB, J. (dissenting)—If the prevailing opinion interprets the decision in *State v. Hodges,* 121 Wash. 362, 209 Pac. 843, as meaning that the statutory presumption is not applicable to bootlegging, I am unable to concur with the prevailing opinion, and I am convinced that the sooner that decision is overruled, the better.

Neither can I see that there is any difference in principle because the amount of liquor was not so great in this case as in some of the cases distinguished in the opinion herein, as tending to show that the necessary element of intent to sell was proven.

As I view the law, our cases, with the exception of the *Hodges* case, *supra,* have always held that, where there was evidence of possession of a quantity of intoxicating liquor and carrying it about by the accused, two elements are proven, namely, unlawful possession and carrying about, and the third element, whether there was then the existing intent to sell, is a question for the jury under proper instructions. *State v. Jewett,* 120 Wash. 36, 207 Pac. 3; *State v. Duncan,* 124 Wash. 372, 214 Pac. 838; *State v. Gleen,* 135 Wash. 153, 237 Pac. 292; *State v. Presta,* 142 Wash. 539, 253 Pac. 811; *State v. Peck,* 146 Wash. 101, 261 Pac. 779.

The quantity of liquor here discovered was considerable, was comparable to that in *State v. Duncan, supra,* and the conduct of the parties upon discovery was

similar to that of the accused in that case. That case was decided after the *Hodges* case, and it was decided that it was ruled by the *Jewett* case, *State v. Meyers,* 121 Wash. 579, 210 Pac. 4 and *State v. Christensen,* 122 Wash. 236, 210 Pac. 376,—all bootlegging cases.

In all of these cases, and others I cannot now recall, this court has held that the statutory presumption applies to bootlegging cases whenever the unlawful possession and carrying about of intoxicating liquor has been shown. Any explanation made by the defendant is to be weighed and determined by the jury.

The evidential presumption under the statute is expressly made sufficient in itself *prima facie* to overcome the presumption of innocence, else it has no meaning at all. *State v. Gray,* 98 Wash. 279, 167 Pac. 951; *State v. Bachtold,* 106 Wash. 550, 180 Pac. 896; *State v. Conner,* 107 Wash. 571, 182 Pac. 602; *State v. Duncan, supra.*

In this case, the jury was properly instructed in the language of the statute as to the offense and the statutory presumption.

The considerable quantity of intoxicating liquor possessed by appellants, the haste of the wife, upon being stopped by the sheriff and doubtless recognition of him, to get rid of the liquor; the hiding of the liquor in a gunny sack; an admission by the husband to the officer that, had he not been stuck in the mud for an hour and a half, the sheriff would never have caught him; his previous conviction; their lame excuses for the possession of the liquor; all made it a question for the jury, whether or not they were in possession of the liquor and carrying it about with them with intent to sell.

In my opinion, there was ample evidence to go to the jury, and the jury having resolved it against appellants, the verdict should not be disturbed and the judgment should be affirmed.

68.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion.

The statute (Rem. Comp. Stat., § 7328), in words too plain to admit of misunderstanding, makes it a felony for any person to carry about with him intoxicating liquor for the purpose of unlawful sale. By another section (Ib. § 7329) it provides in equally plain terms that, in any prosecution for a violation of the liquor acts, it may be shown that the accused person held and kept in his possession intoxicating liquors, and that such a showing "shall be *prima facie* evidence that said liquor was so held and kept for the purpose of unlawful sale or disposition." Putting these two sections of the statute together, obviously they mean, if they have meaning at all, that, when it is shown that a person has in his possession intoxicating liquors, and it is further shown that he carried the liquor about with him, a *prima facie* case is made against him to the effect that he carried the liquor about with him either for the purpose of unlawful sale or for the purpose of unlawful disposition. The fact that alternative conclusions can be drawn from the facts, and the fact that the one conclusion points to the commission of a felony and the other to the commission of a misdemeanor, do not affect the nature or effect of the proofs, nor do they relegate the questions to questions of law. The questions remain questions of fact, and it is for the trier of the facts to say whether the accused has committed the one crime or the other. To show that this is not a new interpretation of the statutes, nor a deduction of my own, I will call attention to certain of our prior decisions where the question was distinctly presented.

In *State v. Jewett,* 120 Wash. 36, 207 Pac. 3, there was a conviction for the felony of bootlegging. It was strenuously argued that the evidence was insufficient to support the conviction, because the proofs went no

farther than to show possession of intoxicating liquor and a carrying about, and that the only evidence as to the purpose of the accused was his own to the effect that his purpose was not to sell the liquor. Answering the contention, we called attention to the presumption to which the statute gives rise, and used this language:

"It was for the jury to determine whether the testimony of the appellant was sufficient to overcome this statutory presumption."

In *State v. Meyers,* 121 Wash. 579, 210 Pac. 4, which was likewise a conviction for the crime of bootlegging, we held it not error for the trial court to give the following instruction:

"While you have heretofore been instructed that defendant is to be presumed innocent of any offense charged, yet, the statute has, with reference to intoxicating liquor, changed this rule to the extent that, when it has been proved to the satisfaction of the jury that a person is or was in the unlawful possession of intoxicating liquor, then the jury may presume that such possession was held for the purpose of the unlawful sale or disposition of the same."

In *State v. Peck,* 146 Wash. 101, 261 Pac. 779, the conviction was also for the crime of bootlegging, and we used this language:

"It is said, however, that there is no proof that the appellants were carrying the liquors about for the purpose of unlawful sale. But the statute provides that proof of possession of intoxicating liquor is *prima facie* evidence that such liquor is kept for the purposes of unlawful sale or disposition, and the statute is applicable to the offense of carrying about,— the offense which the legislature has called bootlegging. *State v. Spillman,* 110 Wash. 662, 188 Pac. 915. The presumption, it is true, is not a presumption of law; it is a presumption of fact only, and may be rebutted by evidence contradictory of the fact; but it is in itself sufficient to support a conviction unless overcome by evi-

dence to the contrary, and whether it has been so overcome, is usually a question for the jury."

Since there are alternative conclusions which the trier of the fact may find from possession and carrying about, it is the practice of the prosecuting officers to show the surrounding circumstances, in order that the jury may have a better understanding as to the purpose of the accused, and in answering challenges to the sufficiency of the evidence, we have adverted to these circumstances as supporting the finding of the jury. These cases are numerous and I will not collect them here, but I have re-examined them with some care, and in none of them, with the exception of the case on which the majority rely, do I find any dispute of the principle announced in the cases I have cited. We have other cases, also, decided prior to the enactment of the so-called bootlegging statute, which seem to me to support the principle for which I contend. These are *State v. Gray*, 98 Wash. 279, 167 Pac. 951; *State v. Bachtold*, 106 Wash. 550, 180 Pac. 896, and *State v. Conner*, 107 Wash. 571, 182 Pac. 602.

In my opinion, the case relied upon by the majority (*State v. Hodges*, 121 Wash. 362, 209 Pac. 843) is not sound either in logic or in principle. Some of the objections to it are pointed out by the able dissenting opinion of the late Judge Bridges, but I wish to add a further thought. In that case it is said that:

". . . it will not do to hold that the statutory presumption shall be wholly appropriated for the purpose of establishing the felony of bootlegging,"

and the expression is repeated in effect in the case now before us. If I understand what is meant by the assertion, I find no fault with it. My complaint is with the court's application of the assertion. Since no complaint was made of the court's instruction to the jury in either case, it is safe to assume that the court

charged the jury correctly in each case. If it did so correctly charge them, it told them that they could find from the evidence either one of three verdicts; they could find the accused guilty of the felony of bootlegging, they could find the accused guilty of a misdemeanor, or they could find the accused not guilty. To so charge the jury, is not to "wholly appropriate" the statutory presumption to the crime of bootlegging. All that it does is to permit the trier of the fact to make the appropriation. It is to charge the jury correctly as to the law, and leave it for them to say which of the offenses, if any, the accused had committed. This, in my opinion, is not error. The state, by its proof, aided by the statutory presumption, makes a *prima facie* case against the accused, and in the language of Judge Parker *(Smith Sand & Gravel Co. v. Corbin,* 75 Wash. 635, 135 Pac. 472):

"*Prima facie* case means only that the case has proceeded upon sufficient proof to that stage where it must be submitted to the jury, and not decided against the plaintiff as a matter of law."

This being the rule, it seems to me obvious error to say that the jury may not draw its own conclusion. This is also the thought expressed by Judge Bridges, where he says:

"As the law now stands, it is unlawful to have in possession any amount of intoxicating liquor, or to barter, exchange or give away any such liquor, and such offenses are misdemeanors, all punishable alike. To say, as the court's opinion does, that the present presumption statute can apply only to these acts is to accuse the legislature of deliberately enacting an apparently important section of the statute, which, from a practical standpoint, is useless and without effect. To say that proof of possession of intoxicating liquor, which in itself is a misdemeanor, is *prima facie* evidence of intent to give away, barter, exchange, or otherwise dispose of such liquor, which in themselves are,

under the statute, misdemeanors, would be to give a presumption where none is needed. I think the court's opinion does not expressly say that the statute applies only to these misdemeanors, but that is the effect. It says that, in a case of this character, the state must affirmatively prove the intent to sell. If so, then the proof more than covers the statutory presumption and makes it a dead letter.''

I do not overlook the fact, emphasized by the majority, that the case of *State v. Hodges, supra,* was determined by the court sitting *En Banc.* But it will be observed that the case was determined by a bare majority of the court, and, if my interpretation of the later cases I have cited be correct, the court has, by a decided majority, already disapproved of its doctrine. To formally overrule it, is but to make that certain where uncertainty now exists.

But there are other matters in the majority opinion to which I cannot subscribe. The opinion carries the inference that the quantity of intoxicating liquor an accused person carries about with him may relegate his intent from a question of fact to a question of law. In my opinion, this is unsound. In the first place, the statute makes no such distinction. In the second place, it renders the application of the statutory presumption uncertain. If the amount shown to have been possessed in the instant case is not sufficient to make the question one of fact, the inquiry at once arises, what quantity will be so sufficient. Perhaps the difficulty can be illustrated by a reference to some of our cases. In *State v. Duncan,* 124 Wash. 372, 214 Pac. 838, the quantity possessed was one gallon, yet we held that the small quantity did not preclude the inference that it was held for the purpose of sale. In *State v. Presta,* 142 Wash. 539, 253 Pac. 811, the amount possessed was something in addition to one gallon, and our ruling was to the same effect. I am aware that the majority,

in referring to the latter case, states that there was evidence from which the jury might have found that the accused was, or had been, conducting a still from which he derived large quantities of moonshine whiskey for the purpose of sale. But I do not so read the case. There was evidence offered on the part of the state, and partly admitted, to the effect that the accused operated, or had operated, a still, but the court later struck the testimony and withdrew it from the consideration of the jury, and, in so far as this branch of the case was concerned, submitted it to the jury on the question whether the quantity above stated was sufficient to raise the inference of an intent to sell.

I assume that the majority do not question that these cases were correctly decided. If so, then we have the rule that the possession of one gallon is sufficient to raise the statutory presumption, while the possession of some less quantity is not. I object to the rule because of its uncertainty. It leaves to the trial courts no certain rule by which they can be guided. Hereafter, they will not know whether the statutory presumption is applicable to the particular case or not. It seems to me that, in every instance, be the quantity possessed great or small, the question of the intent of the possessor should be treated as one of fact rather than as one of law.

Nor can I subscribe to the facts assumed in the concluding part of the opinion. As I read the evidence, there was much more "than the possession of some moonshine whiskey in a two-gallon jug, no attempt being made to fix the amount." There was evidence that the jug had been placed by prearrangement in the place from which it was taken by the accused; there was an attempt to destroy the evidence of possession; and there were voluntary statements made by the

accused showing guilty knowledge and guilty intent. Nor can I conclude that the evidence was entirely barren as to the quantity of liquor the jug contained. No infinitesimal quantity spilled on the floor of an ordinary automobile would leak through it so as to be visible upon the ground. These are matters which the jury had the right to consider in making up their findings, and, to my mind, justified their verdict, even conceding that the proof of possession and carrying about is not alone sufficient to support a verdict of bootlegging.

The judgment should be affirmed.

MILLARD, J., concurs with FULLERTON, J.