[No. 21593. *En Banc.* January 16, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. W. W. KNIGHT *et al., Appellants.*[1]

*Richards, Gilbert & Conklin,* for appellants.
*G. E. Clark* and *C. G. Walters,* for respondent.

MAIN, J.—The defendants were charged by information with the crime of bootlegging. The trial resulted in a verdict of guilty as charged as to one and a verdict of guilty of liquor in possession as to the other. Separate judgments were entered, and each defendant appeals.

In submitting the case to the jury, the trial court gave an instruction as follows:

"You are instructed that, under the laws of this state, in any prosecution for the alleged crime of bootlegging, proof of possession of intoxicating liquor other than alcohol upon the part of any person shall be *prima facie* evidence that said liquor was so held and kept for the purpose of unlawful sale. This presumption has no application in this case except in consideration of the charge of bootlegging."

[1]Reported in 284 Pac. 85.

In that instruction, the jury were told that the possession of intoxicating liquor was *prima facie* evidence that the same was held and kept for the purpose of "unlawful sale." The instruction does not say "unlawful sale or disposition." Section 7328, Rem. Comp. Stat., defines the crime of bootlegging as follows:

"Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger.'"

From that definition, it appears that the crime of bootlegging consists of three elements: (a) Possession of intoxicating liquor, (b) carrying the same about, and (c) intent to unlawfully sell.

Section 7329 of the code provides that, in any prosecution for the violation of any provision of this act, proof of the possession of intoxicating liquor shall "be *prima facie* evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition."

The statutory presumption which arises from possession thus is that of "unlawful sale or disposition."

In the case of *State v. Hodges*, 121 Wash. 362, 209 Pac. 843, the defendant was charged, tried and convicted of the crime of bootlegging. The jury were instructed that the possession of intoxicating liquor would give rise to a presumption of intent to unlawfully sell or dispose of the same. The question in that case was whether that was a proper instruction to give when there was no evidence of intent to sell or evidence from which such intent could be inferred. It is there said:

"The controversy hinges upon the applicability to the facts in the case of the statutory presumption that possession and proof of the possession of intoxicating liquor shall be *prima facie* evidence that the liquor was held and kept for the purpose of unlawful sale or disposition. Laws of 1917, ch. 19, p. 61, § 12; Rem. Comp. Stat., § 7329. That instruction was given to the jury."

Following this, there was a comprehensive review of the statutory provisions, after which it was said:

"Nor does the evidential presumption declared in § 17h of the act save the prosecution. Clearly the legislature did not mean by it that possession of intoxicating liquor and proof thereof should be *prima facie* evidence that the liquor was held and kept for the purpose of unlawful sale—a purpose and intent essential in bootlegging—else the act would have so stated. On the contrary, the language is very clear that the possession of intoxicating liquor and the proof thereof shall be *prima facie* evidence that the liquor was so held and kept for the purpose of unlawful sale *or disposition.* There are crimes, some with and others without specific criminal intent, in disposing of intoxicating liquor other than making sales thereof, all of which are misdemeanors only, and in a situation like this where the only substantial evidence is simply possession (which of itself is a misdemeanor under the amendatory act of 1917), it will not do to hold that the statutory presumption shall be wholly appropriated for the purpose of establishing the felony of bootlegging."

The result was that the judgment was reversed and a new trial granted. It should be noted that, in the excerpt last quoted, it is specifically stated that the statutory presumption cannot be "wholly appropriated" for the purpose of furnishing the element of intent in a bootlegging case.

The effect of that decision is that, when there is evidence of intent to sell or evidence from which such intent may be inferred by the jury, it is proper to instruct that possession of intoxicating liquor gives rise to a presumption of an intent "of unlawful sale or disposition," but that, where there is no evidence of intent to sell or evidence from which such intent can be inferred, it is improper to give such instruction, because, in that event, the statutory presumption would

be "wholly appropriated" for the purpose of establishing the element of intent.

In the case of *State v. Hurlbert,* 153 Wash. 60, 279 Pac. 123, the defendants were charged with the crime of bootlegging, and it was there held that the judgment should be reversed and the defendants relieved from that charge, because there was no evidence of intent to sell or evidence from which such intent could be inferred. In that case, after quoting from *State v. Hodges, supra,* the excerpt hereinabove last quoted, it was said:

"A pronouncement which needs no interpretation and from which we have never consciously departed.

"The state, however, seems to urge that the *Hodges* case has been overruled by our subsequent decisions, and, to sustain this contention, it cites *State v. Gleen,* 135 Wash. 153, 237 Pac. 292; *State v. Presta,* 142 Wash. 539, 253 Pac. 811; *State v. Peck,* 146 Wash. 101, 261 Pac. 779, and *State v. Rondeau,* 148 Wash. 402, 269 Pac. 3.

"In the *Gleen* case, *supra,* the accused was found in the possession of more than one hundred pints of Canadian beer. Clearly, the quantity alone was sufficient to support an inference that there was an intent to sell.

"In the *Presta* case, *supra,* the accused was not only in possession of a gallon of moonshine, which he was then dispensing to others, but more moonshine was immediately found in his automobile, and there was ample evidence from which the jury might have found that he was, or had been, conducting a still from which he derived large quantities of moonshine whiskey for the purpose of sale.

"In the *Peck* case, *supra,* the accused was found in possession of fifty-seven sacks of beer, each containing two dozen bottles, and fifty-two sacks, each containing one dozen bottles of assorted liquors. These facts, with other circumstances, raised a question for the jury.

"In the *Rondeau* case, *supra,* there was not only evidence from which the possession of large quantities

of liquor could be inferred, but there was evidence also of actual soliciting of sales.

"When the facts are considered, it is quite evident that in each case there was evidence to carry the issue of intent to sell to the jury, and that the statutory presumption was not warped from its plain terms and 'wholly appropriated' to selling as distinguished from other unlawful disposition.

"Other cases referred to are *State v. Christensen,* 122 Wash. 236, 210 Pac. 376, where the *Hodges* case was cited and followed, and *State v. Duncan,* 124 Wash. 372, 214 Pac. 838, where it was properly held that the evidence was sufficient to go to the jury on the question of intent to sell. If there are any other cases subsequent in time to the *Hodges* case which have not been called to our attention, we venture the assertion that they will be found likewise readily reconcilable."

The *Hurlbert* and *Hodges* cases, supra, settle the law upon the question. Any expressions in the opinions in cases subsequent to the *Hodges* case and prior to the *Hurlbert* case which are out of harmony with those cases are necessarily set aside.

In the case now before us, there was evidence from which the jury had a right to infer an intent "of unlawful sale or disposition." The error in the instruction is that it is there stated that the possession of intoxicating liquor shall be *prima facie* evidence that the same was held and kept for the purpose of "unlawful sale," whereas the instruction should have said, as the statute specifies, "unlawful sale or disposition."

There are a number of other assignments of error, including one based on the refusal of the trial court to hear a motion to suppress evidence because not timely made, all of which were incidental to the particular trial. As to the motion to suppress, between the time when the remittitur is filed in the superior court and the case is again brought on for trial, there will be ample time for the appellants, if they

move with reasonable promptitude, to have their motion to suppress heard and determined.

For the error in the instruction above pointed out, the judgments will be reversed and the cause remanded with direction to the superior court to grant a new trial to each of the appellants.

MITCHELL, C. J., BEALS, PARKER, TOLMAN, FRENCH, and MILLARD, JJ., concur.

FULLERTON and HOLCOMB, JJ., concur in the result.