(No. 5570. Decided July 27, 1905.)

FRANK IRWIN *et al., Respondents,* v. BUFFALO PITTS COMPANY, *Appellant.*[1]

PLEADING — ANSWER — ADMISSION — CONSTRUCTION — INCONSISTENT AVERMENTS. Express admissions in an answer control direct averments to the contrary, since the pleading must be construed most strongly against the pleader, and in the absence of an amendment evidence contrary to the admission is properly excluded.

PLEADINGS — AMENDMENT — SURPRISE — CONTINUANCE — DISCRETION. Where plaintiff relies upon an express admission in the answer and insists upon claiming a surprise, a refusal to allow an amendment except upon condition of a continuance, is within the discretion of the court.

PLEADING — ANSWER — DEFENSES — WHEN NOT INCONSISTENT — CONTRACTS. In an action upon a written contract to recover commissions for the sale of machinery, a partial defense that the contract con-

[1]Reported in 81 Pac. 849.

tained a provision that ten per cent of any notes taken should be deducted from the commissions, if the note was not paid at maturity and expense was incurred, is not inconsistent with a defense setting up the statute of limitations, settlement, and that the sale was under another contract; and it is error to exclude evidence thereof.

EVIDENCE—LETTERS OF PARTY—FAILURE TO REPLY—ATTORNEYS—AUTHORITY. The failure of an attorney for collection to reply to letters asserting the debtor's version of a contract, does not admit their contents, or render them admissible in evidence as implied admissions of his client.

APPEAL AND ERROR — REVIEW — TRIAL — COMMENTS — HARMLESS ERROR. Comments of the court as to the incompetency of letters, at the time of properly excluding them, is not prejudicial error.

EVIDENCE—LETTERS—COMPETENCY—FAILURE TO ANSWER—ADMISSIONS—WITNESSES—IMPEACHMENT. The failure to answer letters or deny the statements therein, does not amount to an admission of the statements, so as to make the letters admissible to impeach testimony to the effect that that the party never admitted the statements; and the letters are properly excluded, even if competent as independent evidence, when offered only for the purpose of impeachment, where they contain nothing contrary to the evidence of the witness to be impeached.

CONTRACTS—EVIDENCE—IMMATERIAL CONTINGENCIES. An oral contract is to be proved by what is said and done, and objections to questions as to what a party would or might have done if the contract had not been as claimed are properly sustained.

PRINCIPAL AND AGENT—ACTION FOR COMMISSIONS—DEFENSES—EVIDENCE. Upon a claim by defendant that plaintiffs were to sell certain secondhand machinery and obtain commissions due them therefrom, evidence as to what was done with the machinery is admissible as a circumstance for the jury.

APPEAL—INSTRUCTIONS—HARMLESS ERROR—COMPROMISE AND SETTLEMENT. No prejudice can result from an instruction to find for the appellant if the jury find that a "full and fair" settlement was made, when the fairness of the settlement was in no way questioned.

PRINCIPAL AND AGENT—ACTION FOR COMMISSIONS—CASH SALES—ACCEPTANCE OF GOODS IN LIEU OF CASH. In an action for specified commissions on the sale of machinery, under a written contract authorizing only cash sales, the acceptance by the principal of secondhand machinery in lieu of the cash would be the equivalent of cash; and the failure to take cash could not be set up to defeat the agent's commissions.

APPEAL—REVIEW—VERDICT. A verdict upon directly conflicting evidence is conclusive on the supreme court.

APPEAL — DECISION — REDUCTION OF JUDGMENT. On reversing a judgment for error in excluding evidence of a partial defense in a specific sum, the respondent will be permitted to consent to a reduction of the judgment to the extent of such sum.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered October 13, 1904, upon the verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action to recover commissions. Reversed provisionally.

*James A. Williams* and *Denton M. Crow,* for appellant.

*Merritt & Merritt,* for respondents.

RUDKIN, J.—On the 14th day of March, 1900, the defendant entered into a written contract with the plaintiffs, whereby the plaintiffs were constituted agents of the defendant for the sale of farm machinery, at an agreed commission of twenty per cent on the printed price list of all machinery sold under the contract. On the 23d day of April, 1900, the parties entered into a second written contract, whereby the plaintiffs were constituted agents of the defendant for the sale of certain wind stackers, at an agreed commission of $25 on each stacker sold under the contract. On the 17th day of August, 1900, the plaintiffs, as such agents, sold to one Berdan, a separator, engine, and other appliances, for the sum of $3,350, and a wind stacker for the sum of $250. This action was brought to recover the commissions on the two sales.

The defendant admitted the sales, but denied that they were made under the contracts above referred to, copies of which were attached to the answer. In addition to the denials, the answer contained the following affirmative defenses: (1) The statute of limitations; (2) that the sale of the machinery to Berdan was on the following terms and conditions: Berdan turned in a secondhand separator and engine, in part payment of the purchase price, at an agreed valuation of $1,000, and executed three promissory notes, aggregating

the sum of $2,350, for the balance; that, at the time the
machinery was sold to Berdan, it was agreed between the
plaintiffs and the defendant that the plaintiffs' commission
should rest in the secondhand machinery, that the secondhand
machinery should be sold and $350 of the selling price paid
over to the defendant, and that the balance of the selling
price should constitute the plaintiffs' commission on the sale;
and it was further alleged in this defense that the plaintiffs
were only authorized to sell for cash, under the written con-
tracts between the parties; (3) a settlement of the matter in
controversy; and (4) that the contract between the parties
contained a provision that, if any note given for machinery
became delinquent and the defendant incurred extra expense
in its collection, ten per cent of such note should be charged
against, and deducted from, the commissions due the plain-
tiffs; and it was averred that Berdan permitted two of the
machinery notes to become delinquent, and the defendant was
greatly delayed and incurred extra expense in their collection.
The reply in substance denies these affirmative defenses. The
case was tried before a jury, and from a verdict and judg-
ment in favor of the plaintiffs, the defendant appeals.

The first error assigned relates to the exclusion of evidence
tending to establish the fourth affirmative defense. Para-
graph 10 of the complaint alleged that the first two notes
to mature were paid at maturity, and that a part of the third
note of $950, which matured October 15, 1902, was paid on
the .... day of ......, 1902, and the balance in 1903.
This paragraph of the complaint was expressly admitted by
the answer. As stated in the affirmative defense, the con-
tract under which the respondents claimed to have sold the
machinery provided that, if any note given for machinery
became delinquent and the appellant incurred extra expense
in its collection, ten per cent of such note should be deducted
from the commissions due the respondents. The affirmative
defense alleged that the two last notes to mature were not

paid at maturity, and that the appellant had incurred extra expense in their collection.

When the appellant offered to prove that the last two notes were not paid at maturity, it was met with the objection that the answer expressly admitted paragraph 10 of the complaint, which alleged that the second note was paid at maturity. We think the objection was properly sustained as to this note. The question of inconsistent defenses does not arise here, as an admission of a paragraph of a complaint is not a defense. The answer contained an express admission that the second note was paid at maturity, and a direct averment that it was not paid at maturity. A pleading is construed most strongly against the party who interposes the plea, and we have no doubt that the express admission should control, and exclude testimony tending to show the contrary, until the inconsistency was removed or obviated by amendment.

The respondents insisted that they had relied on the admissions in the answer, and would not be ready to proceed with the trial if an amendment were allowed. The court thereupon intimated that it could not allow an amendment, unless there was a continuance. The appellant contended that the respondents were sufficiently advised as to the nature of its defense, and were not taken by surprise, but the court ruled otherwise, and denied the application to amend. There was no error in this ruling. The appellant insisted on the right to amend during the trial, without a continuance, and a refusal to permit an amendment on such terms was a proper exercise of the court's discretion.

The appellant thereupon offered to prove that the last note was not paid at maturity, and that extra expense had been incurred in its collection. The court excluded this testimony, on the ground that this defense was inconsistent with the other defenses interposed. This ruling was error. The defense which the appellant sought to establish grew out of the contract upon which the respondents relied for a re-

covery. It was not inconsistent with any admission in the answer. It certainly was not inconsistent with the defense that the action was not commenced within the time limited by law. Nor was it inconsistent with the defense that there had been a settlement between the parties. Disputed claims are often settled, and the settlement of a claim does not thereafter preclude a party from showing that the claim had no existence in fact. Defenses are not inconsistent unless one of them is necessarily false. Nor was this defense inconsistent with the defense that the machinery was sold under a different contract. The latter defense was simply an argumentative denial, and should have been stricken on motion. The defense, therefore, that one of the notes given for the machinery was not paid at maturity, and that extra expense was incurred in its collection, was not inconsistent with, or nullified by, any other defense interposed, and the appellant should have been permitted to establish it, if it could. In *Seattle Nat. Bank v. Carter,* 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177, the answer denied the transfer of the notes in suit to the plaintiffs, and thereafter, in three affirmative defenses, alleged such transfer affirmatively. These defenses were held to be inconsistent. In concluding its opinion, the court said:

"In conclusion, this much at least must be demanded, that, however diversified the answers may be, they must all contain the essential element of truth, and if the admission of the truth of one answer necessarily proves the falsity of another, they cannot be allowed to stand, and the plaintiff will not be compelled to sustain the truth of an allegation the truthfulness of which is asserted by the defendant."

In *Davis v. Ford,* 15 Wash. 107, 45 Pac. 739, 46 Pac. 393, it was held that a plaintiff could not, in one part of a reply, admit the execution of a contract, and deny it in another. What we have said we think sufficiently shows that these cases are not in point here. A defendant is certainly not precluded from showing that a plaintiff is not entitled to

recover under the contract upon which he relies, by claiming that the work was done under another or different contract.

The next assignment of error relates to the exclusion of certain letters written by the appellant to one of the respondents' attorneys, and to the comments of the court thereon, in view of the fact that the letters were afterwards admitted by consent. These letters were not competent for any purpose. They simply stated the appellant's version of the agreement between the parties in relation to the commission for the sale of this machinery. Surely, it cannot be maintained that an attorney for collection is bound to enter into a controversy with a debtor over the merits of a claim in his hands for collection, or to deny any assertions made in relation thereto. Such an attorney has no authority to bind his client by an express admission, much less by an implied one, such as a neglect or failure to answer a letter. These letters were properly excluded, and the comments of the court as to their competency could not be prejudicial error, whether the letters were afterwards admitted or not.

The appellant further offered in evidence three letters written by the appellant to the respondent Irwin, and two letters from Irwin in reply. These letters were first received by the court, and then a controversy arose between the court and counsel as to the purpose for which the letters were received, and their effect. Irwin was called as a witness in rebuttal, and testified that he never admitted that his firm was to collect their commission out of the old machinery. He further admitted that he never answered the letters received from the appellant, which set forth that the agreement was as now contended by it. The utmost that is claimed for these letters is, that the respondents did not deny the claims therein set forth to the effect that they were to receive their commission out of the old machinery. It is not claimed that the letters contained any express admissions inconsistent with the testimony of the witness, or that they impeached him in any way. While the letters might be competent, independent,

testimony in favor of the appellant, we do not think they were competent for the purpose of impeachment or competent in rebuttal at all. Counsel offered them for the purpose of impeachment only, and contended that they were competent. The court determined otherwise, and we think rightly. The witness said that he never made any admissions, that he never answered the letters, and they showed nothing to the contrary.

It is next assigned as error that the court sustained objections to certain questions propounded to the witness Evans, who claimed to have made the special agreement with the respondents for the sale of the machinery to Berdan. The purport of these questions was, whether the witness would have made the sale had not the respondents agreed to take their commission out of the old machinery, and what the witness would have done, had they not so agreed. The contract must be established by what was said and done by the parties, and not by what either party would or might have done under a given state of facts. The objection was properly sustained. It is next assigned as error that the court admitted testimony, over objection, showing what was done with the secondhand machinery after the sale to Berdan, This was clearly a proper circumstance to go before the jury.

The next error assigned relates to an instruction given by the court on the question of settlement, as follows:

"I instruct you that, if you find from the evidence that such a settlement was entered into, and that the settlement was full and fair, that the verdict should be for the defendant."

The use of the words "full" and "fair" in this instruction is criticised by the appellant. There was no question of the fairness of the settlement, if any were made, involved in the case, and we do not think that the use of these words could prejudice the appellant. Furthermore, we have grave doubts whether there was any testimony in the case which warranted the submission of this question to the jury.

It is next contended that the written contract between the parties only authorized cash sales. If that were true, the acceptance by the appellant of machinery or anything else in lieu of cash, would be the equivalent of cash, so far as the respondents are concerned. Error is next assigned on the ruling of the court on the motion for a new trial. There was a direct conflict in the testimony as to the contract under which the machinery was sold, and the verdict of the jury upon that question is conclusive upon this court. Error is assigned upon the refusal of the court to give certain instructions requested by the appellant, but we think the instructions given were full and fair, and substantially embodied the appellant's requests. We do not deem it necessary to reverse the judgment absolutely for error in excluding testimony, as the utmost that the proof offered could avail the appellant would be a deduction of ten per cent of the third note, or $95, from the amount of the verdict.

The judgment is reversed, and if the respondents, within thirty days from the filing of the remittitur in the court below, file a release of the sum of $95 from the amount of the judgment, a new judgment shall be entered for the amount of the verdict, with interest from date of rendition, less the sum of $95. If no such release is filed, the court below will grant a new trial. The appellant will recover its costs in this court.

MOUNT, C. J., FULLERTON, HADLEY, and ROOT, JJ., concur.

CROW, J., being disqualified, took no part.