[No. 9539.  Department One.  June 27, 1911.]

WILLIAM ALLARD, *Respondent*, v. NORTHWESTERN CONTRACT COMPANY, *Appellant*.[1]

MASTER AND SERVANT—BLASTING—WARNING—QUESTION FOR JURY. In an action by an employee injured by a blast, whether a warning was given is for the jury, where the plaintiff and another witness testified that no warning was given, although the greater number of witnesses testified that one was given.

MASTER AND SERVANT—BLASTING—DUTY TO WARN—FELLOW SERVANTS. The duty of giving a warning of a blast in a quarry is a nondelegable duty of the master, and the defense of fellow servant is not available.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—EVIDENCE—ADMISSIBILITY. In an action by an employee injured by a blast, it is error to exclude evidence tending to show that the plaintiff had become careless and on different occasions had failed to get under cover when a warning was given, especially where there was a disputed question of fact as to whether a warning had been given.

WITNESSES—CROSS-EXAMINATION—IMPEACHMENT OF PARTY. Cross-examination of the plaintiff as to his carelessness in heeding a warning does not make him the defendant's witness so as to preclude other testimony contradicting him on that point.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered November 22, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee through an explosion in a quarry.  Reversed.

*F. S. Blattner* and *L. B. da Ponte* (*W. C. Morrow*, of counsel), for appellant.

*Govnor Teats, Hugo Metzler, Leo Teats*, and *Ralph Teats*, for respondent.

FULLERTON, J.—In the month of July, 1910, the appellant owned and operated a rock quarry situated on Waldron Island, in Puget Sound. The rock was quarried by blasting,

[1]Reported in 116 Pac. 457.

and when so quarried was carried by means of flat cars from the face of the quarry to a wharf from whence it was taken to its point of destination. The respondent was an employee of the appellant and worked with the crew which loaded and unloaded the cars. For use in loading, a steam crane was used, which had a maximum capacity of about ten tons. Rocks heavier than this maximum weight were frequently thrown down from the face of the quarry, and in order to handle them it was necessary to break them into smaller pieces by blasting. One such rock had fallen near the railway track and was drilled and charged with powder while the respondent was at the wharf unloading cars. On the return of the cars, the respondent proceeded with his helpers and the use of the crane to again load the cars, and was in the act of fastening a chain around a rock near the one which had been charged for blasting when the charge therein was fired. The respondent was struck by a piece of rock torn loose by the explosion, and received injuries for which he sues in this action. The jury returned a verdict in his favor in the court below, and this appeal was taken from the judgment entered thereon. In his complaint the respondent alleged negligence on the part of the appellant in that it failed to warn him of the impending blast and thus give him an opportunity to get into a place of safety before its discharge. The appellant, in its answer, put in issue this allegation of the complaint and pleaded affirmatively to the effect that the negligence causing the injury to the respondent, if any such there was, was the negligence of a fellow servant, and that the respondent was guilty of contributory negligence.

On this appeal three principal errors are assigned: first, that the evidence was insufficient to justify the finding of the jury to the effect that no warning was given the respondent of the impending blast; second, that the court erred in refusing to hold, as a matter of law, that the person discharging the blast was a fellow servant of the respondent; and

third, that the court erred in excluding evidence tendered by the appellant to sustain its allegation of contributory negligence.

The first question suggested was clearly one for the jury. The record does show, indeed, that the greater number of the witnesses who were present at the time of the accident testified that warning of the impending blast was given and that the respondent gave no heed thereto, yet the respondent himself, who. was but a few feet distant from the person whose duty it was to give the warning, and still another person but little farther away who likewise remained in an exposed position for want of a warning, testified that no warning at all was given. The question presented, therefore, is one of conflicting evidence, and not one of want of evidence, and being such, it was one within the province of the jury to determine, and their finding thereon is conclusive in the appellate court.

The second contention is also without merit. Since the master suffered the dangerous work of blasting to be carried on by one body of its servants while others thereof were engaged in different work in the zone of danger, it owed the latter the positive duty of warning them of each impending blast, and failure to give such warning rendered it liable for any injury incurred thereby. *Ongaro v. Twohy,* 49 Wash. 93, 94 Pac. 916.

On the trial of the cause the respondent was asked on cross-examination whether he had not failed to get under cover on several previous occasions when blasts were fired, after being warned that a blast was impending, and whether the general superintendent of the works, his immediate overseer, and two different timekeepers had not severally warned him that he was exposing himself to unnecessary danger and would get hurt unless he was more careful, to all of which questions he answered in the negative. Later on the appellant called its general superintendent and proceeded to interrogate him concerning the respondent's habits when blasts were fired near him; asking him whether the respondent had not grown care-

less with reference to the blasts in that he did not get under cover after being warned that a blast was about to be fired, and whether he had not warned the respondent of his danger and cautioned him to be more careful of his personal safety. To these questions an objection was interposed which was sustained by the court. The appellant thereupon offered to prove by the witness the facts implied by the questions, which offer was also rejected by the court.

In these rulings we think the trial court erred. The evidence was competent on the issue of contributory negligence set up in the answer, and to controvert the evidence of the respondent to the effect that no warning was given of the blast that caused his injury. If the respondent had on different occasions theretofore remained in an exposed position while a blast was being fired, after having received warning thereof, it afforded some ground for belief that such might have been his conduct on this occasion; especially since the greater number of the witnesses to the transaction testified that a warning of the impending blast was given, and that they heard the warning in time to get under cover therefrom, although much farther away from the rock which was being blasted than was the respondent. The respondent cannot recover on the theory that he did not hear the warning. If the usual and customary warning was given, that fact absolves the master. It was the respondent's duty to listen for the warning, since he must know that it was liable to be given at any time. If a warning was in fact given, and if by his own neglect or by chance he did not hear it, the fault is his own and the master cannot be charged with his injuries. Since, therefore, this was a disputed question of fact, the appellant had the right to resort to all of the proofs that tended to support its theory of the case.

It is said, however, that the appellant made the respondent his own witness by asking him these questions on cross-examination, and is bound by his answers. But such is not the

rule. While a party who calls a witness cannot be heard to impeach him by calling witnesses to his truth and veracity, such party may introduce evidence contrary to the matters testified to by the witness and leave it for the jury to say wherein the truth lies. If such were not the rule a party to a lawsuit would be at the mercy of a designing witness.

It is said, also, that the appellant offered the testimony solely for the purpose of impeaching the respondent, and that for such purpose it was not admissible. But an examination of the record will show that the appellant insisted that it was not only admissible for this purpose, but for the purpose of supporting its contention that warning was in fact given.

The cases of *Christensen v. Union Trunk Line*, 6 Wash. 75, 32 Pac. 1018, and *Atherton v. Tacoma R. & Power Co.*, 30 Wash. 395, 71 Pac. 39, do not sustain the ruling of the trial court. In the case at bar the previous acts of negligence sought to be shown were those of the principal himself, while in the cases cited it was sought to bind the principal by showing previous negligent acts of like kind on the part of the servants of the principal which may or may not have been known to the principal. Evidence of prior negligent acts of the principal himself are admissible on the issue of want of ordinary care.

For the error noted, the judgment appealed from is reversed, and a new trial awarded.

GOSE, PARKER, and MOUNT, JJ., concur.