[No. 15475.   Department Two.   December 15, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
MIKE FRANICH, *Appellant.*[1]

INTOXICATING LIQUORS (48) — ILLEGAL POSSESSION — BURDEN OF
PROOF. In a prosecution for illegal possession of intoxicating liquors,
the burden is upon the defendant to show that he was not a clergy-
man, priest or rabbi, excepted by Laws 1917, p. 61, § 12.

SAME (50)—EVIDENCE—SUFFICIENCY. A conviction of the illegal
possession of intoxicating liquor is sustained by proof that, during
a search of the premises, accused threw a broken demijohn from
the window, and intoxicating liquor was found dripping from it and
on the floor and wall of the room.

Appeal from a judgment of the superior court for
Pierce county, Fletcher, J., entered May 6, 1919, upon
a trial and conviction of violating the prohibition law.
Affirmed.

*P. L. Pendleton,* for appellant.

*W. D. Askren,* for respondent.

HOLCOMB, C. J.—On April 5, 1919, the appellant was
charged, by information in the superior court for
Pierce county, as follows:

"That the said Mike Franich, in the county of
Pierce, in the state of Washington, on or about the
4th day of April, nineteen hundred and nineteen, then
and there being, unlawfully did have in his possession
intoxicating liquor other than alcohol, to wit: moon-
shine whiskey, he, the said Mike Franich, not then and
there being a regularly ordained clergyman, priest or
rabbi actually engaged in ministering to a religious
congregation."

On the day named in the information, two deputy
sheriffs of Pierce county went to the home of appel-
lant and proceeded to make a search therein for an

[1]Reported in 186 Pac. 259.

illicit whiskey still supposed to be operating in that locality. While the sheriffs were engaged in the search of the premises, one of them had his attention attracted to a crash as of the breaking of a jug against the wall of the cabin where appellant roomed, and immediately afterwards he saw appellant throw a broken demijohn from the window of the cabin. The sheriff went to the spot and picked up the broken demijohn. From it was dripping some liquid. He went up to appellant's room and discovered where some of the fluid had dripped on the floor and wall. Appellant was in the room, with his right hand cut and bleeding. The sheriff immediately tested the liquor in the broken demijohn and on the floor and found it would burn. He also smelled of it and recognized it as what is known as "grappo," a brandy distilled from grapes. The sheriff found other bottles in appellant's room, each of which had a few drops of liquor, which were recognized by witness as "grappo." The broken demijohn and the empty bottles were before the jury during the trial as exhibits. None of the liquor itself was before the jury. No evidence was offered by the appellant at the trial.

Appellant first contends, "The evidence is not only insufficient, but it is wholly lacking. The evidence utterly fails to establish moonshine whiskey."

Appellant's second contention is that the state failed to prove that appellant was not a clergyman, priest or rabbi, actually engaged in ministering to a religious congregation, and that, without such proof, the appellant is within the justification for possession of the liquor found in § 12, ch. 19, Laws of 1917, p. 61. There is authority for the contention that the exception contained in the statute must be negatived by the prosecution, because the exception is contained in and is such an inherent part of the definition of the offense

that failure to prove the negative amounts to the failure of proof of a material allegation of the information. There is a well settled rule of law, however, which is clearly stated in 5 Am. & Eng. Ency. Law (2d ed.), p. 41, as follows:

"Similar in result to the effect of presumptions is the effect of peculiar knowledge possessed by one party of the evidentiary facts which the other party claims would, if brought forward, tend to sustain the claim of the latter. In such case, if the party possessed of such knowledge fails to bring forward the facts which it is shown can be produced by him alone, a presumption arises in favor of his adversary's claim."

We have just decided the same question contrary to appellant's contention in *State v. Harding,* 108 Wash. 606, 185 Pac. 579, and that case is controlling.

The evidence introduced by the state, as recited herein, to prove the charge, was competent to make a *prima facie* case, and not being in any respect met or controverted by the appellant, was sufficient basis for the verdict.

There is therefore no merit in the claim of appellant that there was no evidence sufficient to justify the conviction.

Judgment affirmed.

MOUNT, TOLMAN, BRIDGES, and FULLERTON, JJ., concur.