[No. 18067. Department One. December 15, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. MATT MATSON, *Appellant*.[1]

INDICTMENT AND INFORMATION (101)—INTOXICATING LIQUORS (47) —LESSER GRADE OF OFFENSE CHARGED. In a prosecution for manufacturing intoxicating liquor with intent to sell the same, under Rem. Comp. Stat., § 7338, evidence is admissible of the included lesser offense of manufacturing without intent to sell, under Id., § 7309.

INTOXICATING LIQUORS (28)—UNLAWFUL MANUFACTURE—STATUTES. In a prosecution for manufacturing intoxicating liquor with intent to sell the same, under Rem. Comp. Stat., § 7338, there must be proof of intent to sell, since the amendatory act, Id., § 7312, making possession prima facie evidence of a purpose of unlawful sale, has no relation to the offense of manufacturing, under Id., § 7338.

SAME (28, 50)—UNLAWFUL MANUFACTURE—EVIDENCE—SUFFICIENCY. In a prosecution for manufacturing intoxicating liquor with intent to sell the same, under Rem. Comp. Stat., § 7338, the intent is sufficiently shown without direct evidence, where accused was arrested in a heavily wooded and secluded place five miles from his home, while attending a ten gallon still and paraphernalia sufficient to manufacture in quantities far beyond the requirements of one man.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered December 11, 1922, upon a trial and conviction of manufacturing intoxicating liquor for the purpose of sale. Affirmed.

[1]Reported in 221 Pac. 311.

_ _E_. _S. Snelling,_ for appellant.

_Herman Murray,_ for respondent.

TOLMAN, J.—This is an appeal from a conviction and sentence upon a charge of. manufacturing intoxicating liquors for the purpose of sale, barter or exchange.

The error relied upon is that the evidence introduced upon the trial below did not warrant a verdict to the effect that the manufacturing was carried on for the purpose of producing liquor to be sold, bartered or exchanged, but only the lesser and included offense of manufacturing liquor without any such intent to unlawfully dispose of the product.

Initiative measure No. 3 (Laws of 1915, p. 3), as originally adopted, provided in § 4:

"It shall be unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to keep any intoxicating liquor, with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided: . . ." [Rem. Comp. Stat., § 7309.]

Clearly, under this statute, the purpose of the manufacturer was immaterial. Manufacturing, with whatever purpose or intent, was but one offense, whether for personal use or for disposition or sale. The act of 1917 (ch. 19, Laws of 1917, p. 46) [Rem. Comp. Stat., § 7312], did not amend this section of the original measure, nor did it add the offense of manufacturing with the purpose to sell, and consequently its amendment of § 23 of the original act (Laws of 1915, p. 15), making possession _prima facie_ evidence that the liquor so held was held for the purpose of unlawful sale or disposition, has no relation to the offense created by the later act of 1921 (ch. 122, Laws of 1921, p. 398) [Rem. Comp. Stat., § 7338], under which appellant was

prosecuted. This act contains nothing relating to presumption or *prima facie* proof, and therefore there must, in order to sustain the verdict, have been some proof before the jury of a purpose to sell, barter or exchange. Such proof, of course, need not be direct evidence, direct evidence of purpose or intent being seldom available. The intent and purpose may be deduced, if it reasonably can, from the surrounding circumstances and from all of the evidence in the case. Here the evidence for the state was to the effect that appellant was arrested in a heavily wooded and secluded place, distant five or six miles from his home, while attending a ten gallon still in full operation. With the still was found all of the paraphernalia usual and necessary for its operation, and two fifty-two gallon barrels of corn mash, and everything there found indicated the ability and purpose to manufacture liquor in quantities far beyond what would be required for the use of one man, be he never so thirsty. The state's case was probably strengthened materially by appellant's story of why he was at the still, and taking the evidence as a whole, we cannot say that the jury was not justified in drawing the conclusion which it did.

The judgment is affirmed.

Main, C. J., Holcomb, Parker, and Mackintosh, JJ., concur.