[No. 22323. Department One. April 1, 1930.]

THE STATE OF WASHINGTON, *Appellant,* v. B. ROUW, *Respondent.*[1]

[1]Reported in 286 Pac. 81.

*Ewing D. Colvin* and *Arthur E. Bailey, Jr.,* for appellant.

*John F. Dore* and *F. B. Churchill,* for respondent.

BEALS, J.—Defendant was charged by information with the crime of willfully and unlawfully manufacturing intoxicating liquor for the purpose of sale, barter and exchange thereof. Upon his trial the jury returned a verdict of guilty, whereupon defendant moved for a new trial, which motion the superior court granted upon the express ground, as shown by the order granting a new trial, that the court had erred in submitting to the jury two instructions *(infra)*. From the order granting a new trial, the state appeals.

The two instructions which the trial court held in its order granting a new trial to have been erroneous are set forth in that order as follows:

"The jury is instructed that, under the law of this state, proof of the possession of intoxicating liquor other than alcohol, by any person other than a regularly ordained clergyman, priest or rabbi, actually engaged in ministering to a religious congregation, is prima facie evidence that such liquor was so held and kept for unlawful sale or disposition."

"If possession of such intoxicating liquor other than alcohol has been proved beyond a reasonable doubt then, in the absence of proof to the contrary, the presumptions arise that the party proved to have been in possession thereof was not a regularly ordained clergyman, priest or rabbi engaged in ministering to a religious congregation, and that he held and kept such liquor for unlawful sale or disposition. Such presumptions, however, may be rebutted. The burden of rebutting such presumptions by evidence sufficient to raise in your minds a reasonable doubt as to his intent in the possession of such intoxicating liquor is upon any party so proved by the evidence beyond a reasonable doubt to have been in the possession of such liquors other than alcohol."

Appellant contends that these instructions were proper and that the trial court erred in holding that the giving of the same constituted error which required the granting of respondent's motion for a new trial.

Sections 4 and 23 of initiative measure No. 3 (Laws of 1915, p. 3) read as follows:

"Sec. 4. It shall be unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to keep any intoxicating liquor, with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided . . ." (Rem. Comp. Stat., § 7309.)

"Sec. 23. In any prosecution for the violation of any provisions of this act, it shall be competent to

prove that any person had in his possession more than two quarts of intoxicating liquor other than beer, or more than twelve quarts of beer, and such possession and the proof thereof, shall be prima facie evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition.''

By ch. 19, Laws of 1917, p. 61, § 12 (Rem. Comp. Stat., § 7329), § 23 of initiative measure No. 3, *supra*, was amended to read as follows:

''In any prosecution for the violation of any provision of this act, it shall be competent to prove that any person, other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, had in his possession any intoxicating liquor other than alcohol, and such possession and proof thereof shall be prima facie evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition.''

By ch. 122, Laws of 1921, p. 398, § 1 (Rem. Comp. Stat., § 7338), it was provided, *inter alia*:

''Every person convicted of the manufacture of intoxicating liquor for the purpose of sale, barter or exchange thereof shall be punished by a fine of not less than $500 nor more than $1,000, and by imprisonment in the county jail for not less than ninety days nor more than six months. Every person convicted a second time of the manufacture of intoxicating liquor for the purpose of sale, barter or exchange thereof shall be punished by a fine of not less than $1,000 nor more than $2,000, and by imprisonment in the county jail for not less than six months nor more than one year.''

In the case of *State v. Matson,* 127 Wash. 513, this court, upon an appeal from a conviction and sentence upon the charge of manufacturing intoxicating liquors for the purpose of sale, barter or exchange, held that the verdict of guilty was supported by competent evidence tending to prove that the respondent had been guilty of manufacturing intoxicating liquor for the

purpose of sale, barter or exchange, the appellant contending that only the lesser and included offense of manufacturing liquor, without the intent to sell or unlawfully dispose thereof, found support in the evidence.

In the course of its opinion, this court said:

"Clearly, under this statute, the purpose of the manufacturer was immaterial. Manufacturing, with whatever purpose or intent, was but one offense, whether for personal use or for disposition or sale. The act of 1917 (ch. 19, Laws of 1917, p. 46; Rem. Comp. Stat., § 7312), did not amend this section of the original measure, nor did it add the offense of manufacturing with the purpose to sell, and consequently its amendment of § 23 of the original act (Laws of 1915, p. 15), making possession *prima facie* evidence that the liquor so held was held for the purpose of unlawful sale or disposition, has no relation to the offense created by the later act of 1921 (ch. 122, Laws of 1921, p. 398; Rem. Comp. Stat., § 7338), under which appellant was prosecuted. This act contains nothing relating to presumption or *prima facie* proof, and therefore there must, in order to sustain the verdict, have been some proof before the jury of a purpose to sell, barter or exchange. Such proof, of course, need not be direct evidence, direct evidence of purpose or intent being seldom available. The intent and purpose may be deduced, if it reasonably can, from the surrounding circumstances and from all of the evidence in the case. Here the evidence for the state was to the effect that appellant was arrested in a heavily wooded and secluded place, distant five or six miles from his home, while attending a ten gallon still in full operation. With the still was found all of the paraphernalia usual and necessary for its operation, and two fifty-two gallon barrels of corn mash, and everything there found indicated the ability and purpose to manufacture liquor in quantities far beyond what would be required for the use of one man, be he never so thirsty. The state's case was probably strengthened materially by appellant's story of why he was at the

still, and taking the evidence as a whole, we cannot say that the jury was not justified in drawing the conclusion which it did."

In the *Matson* case no error was assigned upon any of the court's instructions, and it is clear that there was in the record competent testimony from which the jury, independent of any statutory presumption, were warranted in finding the defendant guilty of the crime with which he had been charged.

After careful consideration of the questions now presented in connection with the first instruction above quoted, we hold, notwithstanding expressions to the contrary in the opinion of this court in the case of *State v. Matson, supra,* that the statutory presumption, as established by ch. 19, Laws of 1917, p. 61, § 12 (Rem. Comp. Stat., § 7329), *supra,* applies in prosecutions for the manufacture of intoxicating liquor for the purpose of sale, barter or exchange.

Initiative measure No. 3 (Laws of 1915, p. 3) forbade, under penalties, the manufacture, possession (save as therein excepted), sale or unlawful disposition of intoxicating liquor. This was a general statute establishing a new state policy, making unlawful, and providing punishments for the doing of, certain acts which had not previously been unlawful. This act contained a paragraph (§ 23 thereof, *supra*) making certain acts, or a certain status, to wit, possession of intoxicating liquor, when proven, prima facie evidence of a certain intent, namely, that liquor proven to have been in the possession of an accused was by him "held and kept for the purposes of unlawful sale or disposition."

In 1917 the legislature, by § 12, ch. 19, of the laws of that year (Rem. Comp. Stat., § 7329) amended § 23 (the statutory presumption section) of the initiative measure, and provided that under certain cir-

cumstances the possession of any quantity of intoxicating liquor other than alcohol should, when proven (save in certain excepted cases), be "prima facie evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition."

Section 23 of initiative measure No. 3, provides that "in any prosecution for the violation of any provisions of this act . . ." These same words were carried over into the amendment of this section by ch. 19, Laws of 1917, p. 61, § 12 (Rem. Comp. Stat., § 7329). Chapter 122, Laws of 1921, p. 398, § 1, hereinabove referred to, constituted an amendment to the general law prohibiting the possession, manufacture of or traffic in, intoxicating liquor, and, when effective, became a part of our statutory law defining offenses, and must be considered in connection with the subject-matter of the original act.

As in our opinion a section containing a general provision, such as § 23 of initiative measure No. 3, *supra,* to the effect that a certain statutory presumption shall follow from the establishing of certain facts in any prosecution under the act, should be held to apply to subsequent amendments of the general act, which amendments establish new degrees of offenses, the basic offenses having been originally included in the general measure and forbidden thereby as unlawful acts, we now hold that the statutory presumption applies to such cases as that now before us, subject to the rules laid down by this court in the cases of *State v. Hurlbert,* 153 Wash. 60, 279 Pac. 123, and *State v. Knight,* 155 Wash. 260, 284 Pac. 85, and that in the case at bar no error was committed by the trial court in giving the first instruction hereinabove quoted.

In so far as the trial court, by the second instruction above set forth, instructed the jury that, if the accused claimed to come within one or other of the

classes by the law expressly excepted from the operation thereof, to wit, "a clergyman, priest or rabbi engaged in ministering to a religious congregation," the burden rested upon him to prove that fact, the instruction is correct. *State v. Harding,* 108 Wash. 606, 185 Pac. 579; *State v. Franich,* 109 Wash. 17, 186 Pac. 259. The court, however, by the remainder of the instruction now under consideration, told the jury in effect that, when the prosecution had proved to their satisfaction beyond a reasonable doubt that respondent had in his possession intoxicating liquor, in the absence of proof to the contrary, the presumption arose that respondent held and kept the same for unlawful sale or disposition, that this presumption could be rebutted, *but that the burden of rebutting the presumption by evidence sufficient to raise in the minds of the jury a reasonable doubt as to respondent's intent rested upon respondent.*

The italicized portion of the instruction was erroneous. The statutory presumption which follows from proof of the possession of intoxicating liquor, when considered together with such evidence, establishes on behalf of the state a prima facie case that the accused is guilty of an offense of which the intent to sell or unlawfully dispose of the liquor is an element. In prosecutions of the class referred to, in which the intent to sell or unlawfully dispose of intoxicating liquor is an essential element, at the beginning of a trial, upon a plea of not guilty, a presumption arises that the accused is innocent, which presumption accompanies the accused throughout the trial and remains with him until overcome by evidence which satisfies the jury of the guilt of the accused beyond a reasonable doubt. Assume that the prosecution introduces evidence from which the jury may find beyond a reasonable doubt that the accused had in his possession in-

toxicating liquor. This having been established, the presumption of law provided for in the statute above quoted arises, and the case then, if the prosecution rests without introducing evidence, direct or circumstantial, from which the jury might lawfully infer an intent to sell or unlawfully dispose of the liquor, must go to the jury, and is impregnable against a motion for a directed verdict on the part of the accused.

Assuming next that the accused introduces no evidence whatever, there still remains a question of fact to be determined by the jury. The presumption following from proof of possession not being conclusive upon the jury, they may still under the law return a verdict in favor of the defendant in so far as the offense charged requires a finding that the accused had in his possession intoxicating liquor with intent to sell or unlawfully dispose thereof, even assuming that the jury find the accused guilty beyond a reasonable doubt of possession of intoxicating liquor. Under the circumstances assumed, the burden of proof is not shifted to the defendant. The presumption of innocence is still operating and the jury must consider the admitted or proven facts establishing possession, the presumption which under the law follows therefrom and the presumption that the accused is innocent. In finding its verdict the jury are not in law bound to return either a verdict of guilty or a verdict of not guilty, but may exercise their judgment upon the facts proven, taking into consideration both presumptions, and may in the exercise of their functions find the accused guilty or not guilty.

In the case of *Singer v. Metz Co.*, 107 Wash. 562, 182 Pac. 614, 186 Pac. 327, a civil action at law tried to a jury, based upon a collision between plaintiff's motorcycle and an automobile belonging to the defendant, the crucial point in the case, as presented to this court

on appeal, was whether or not at the time of the acci-
dent an employee of defendant was driving its auto-
mobile upon business of the company or in connection
with his own personal affairs. The jury found for the
defendant, and the trial court, being of the opinion
that it had erred in certain instructions to the jury,
as in the case at bar, granted plaintiff's motion for a,
new trial, from which order the defendant appealed.
It having appeared on the trial that the automobile
with which plaintiff had collided was the property of
the defendant and that the driver thereof was at the
time of the collision in defendant's employ, the plain-
tiff contended that the burden of proof shifted to the
defendant and that the defendant was required to
prove by a preponderance of the testimony that at the
time of the collision the automobile was not being
driven upon defendant's business but was being used,
by its employee for his own pleasure.

The jury having returned a verdict for the defend-
ant, upon plaintiff's motion for a new trial being ar-
gued, the trial court was of the opinion that in its
instructions it had erred in not definitely instructing
the jury that the burden of proof had been removed
from plaintiff upon the particular question above re-
ferred to and had shifted to the defendant. On the ap-
peal this court held that, while a prima facie case
had been made by plaintiff, this did not of itself call
for a final decision of the case, or of some controlling
fact therein, in favor of the plaintiff, but merely re-
quired the submission of the case to the jury, and did
not result in shifting the burden of proof from the
plaintiff to the defendant as to any facts which were
necessary to the sustaining of plaintiff's right of re-
covery, such facts not being admitted by the defend-
ant, although there were facts admitted by the de-
fendant from which presumptions followed which made

a prima facie case for the plaintiff. It was held that the instructions as given were not erroneous and the order granting a new trial was reversed with instructions to enter judgment upon the verdict.

In its opinion in the case last referred to, this court relied upon the case of *Smith Sand & Gravel Co. v. Corbin,* 75 Wash. 635, 135 Pac. 472, in which this court said:

"Some contention is made rested upon the alleged shifting of the burden of proof. It is said that the admission of the making of the contract on the part of respondent, in effect, constituted the making of a *prima facie* case against him; upon which counsel seem to argue that this resulted in shifting the burden of proof. We do not understand that the establishing of a *prima facie* case sufficient to go to the jury has the result of shifting the burden of proof. The jury are not necessarily bound to find for the plaintiff upon the making of a *prima facie* case. *Prima facie* case means only that the case has proceeded upon sufficient proof to that stage where it must be submitted to the jury, and not decided against the plaintiff as a matter of law. A *prima facie* case does not necessarily mean that judgment goes in favor of the plaintiff as a matter of law. The jury are still the judges of the sufficiency of the showing to call for a verdict in plaintiff's favor, and where there is no affirmative defense, strictly speaking, the jury are to measure plaintiff's rights, having in view that he has the burden of proof."

This court also quoted the following from 10 R. C. L. 897:

"The term 'burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes

from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof never shifts during the course of a trial, but remains with him to the end."

In the case of *State v. Hatfield,* 65 Wash. 550, 118 Pac. 735, Ann. Cas. 1913B 895, a prosecution for forgery, this court, referring to an instruction given by the trial court to the jury, says:

"Another vice of the instruction is that it in effect shifts the burden of proof to the appellant to prove a negative, viz., that he did not have guilty knowledge. The burden is always upon the state in a criminal case to establish the guilt of the defendant by evidence that satisfies the minds of the jury beyond a reasonable doubt of his guilt. The real gravamen of the charge here was the uttering with guilty knowledge. When the uttering is proven, the weight of that circumstance is purely a question of fact for the jury. It is due to the state to add that it has cited authorities from other jurisdictions which uphold the instruction, but they are not in accord with the principle announced in our own cases to which we have referred. If the presumption arising from the possession of property recently stolen is one of fact only, the presumption arising from the uttering of a forged instrument cannot be held to be a presumption of law. The mere fact that the inference may be stronger in one case than in the other cannot change the presumption from one of fact to one of law."

To the same effect is the opinion of this court in the case of *State v. Pilling,* 53 Wash. 464, 102 Pac. 230, 132 Am. St. 1080.

In considering the question presented by the instruction now under discussion, we are not concerned with questions concerning the onus of going forward with

the production of evidence, the definition of the word "presumption," or kindred propositions such as were discussed by this court in the cases of *Welch v. Creech,* 88 Wash. 429, 153 Pac. 355, L. R. A. 1918A 353, and *Anning v. Rothschild & Co.,* 130 Wash. 232, 226 Pac. 1013.

Appellant argues that the instruction does not even infer that the burden of proof was shifted to respondent to prove beyond a reasonable doubt that he had no intention of selling the liquor which was in his possession, and that the instruction was favorable to respondent in that it fixed the smallest degree of proof as that degree necessary to overcome the presumption. Appellant cites the case of *State v. Fitzpatrick,* 141 Wash. 638, 251 Pac. 875, in which this court held that Rem. Comp. Stat., § 2582, providing that the possession of appliances designed or commonly used for the commission of burglary or other similar crimes should be prima facie evidence that such possession was had with intent to use or employ the same in the commission of crime, was constitutional, quoting from Underhill's Criminal Evidence (3d ed.), pages 640-1.

Neither the case cited nor the quotation from Underhill relied upon by appellant touch the question here presented. Statutes to the effect that certain presumptions follow from the establishing of certain facts, such as the statute now under consideration, are constitutional, as has been repeatedly held by this and many other courts. This does not require a holding, as is contended by appellant, that the statutory presumption upon which the instruction now being considered was based requires an accused, if he desires to overcome the same, to introduce evidence sufficient to raise in the minds of the jury a reasonable doubt as to his intent, and that when and not until that is done the statutory presumption is overcome.

The superior court did not err in granting respondent's motion for a new trial because of error in the second instruction given by the court above quoted, and the order appealed from is affirmed.

MITCHELL, C. J., PARKER, MILLARD, and TOLMAN, JJ., concur.

