[No. 24264.  Department One.  May 12, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v. MARY ECKERT, *Appellant*.[1]

*Neil C. Bardsley,* for appellant.

*Chas. W. Greenough* and *Louis F. Bunge,* for respondent.

MILLARD, J.—In the superior court, to which she appealed from a judgment of conviction in justice court upon a charge of manufacturing "intoxicating liquor, to-wit: Moonshine whiskey, with intent then and there to unlawfully sell and dispose of same," the jury found the defendant guilty as charged.  From the judgment

[1]Reported in 21 P. (2d) 1035.

and sentence pronounced against her on the verdict, the defendant appeals.

It is first urged that the complaint was duplicitous, and was also defective in failing to allege that the liquor the appellant was charged with manufacturing was capable of being used as a beverage.

The contention is without merit. The appellant was charged, in the words of the statute (Rem. Rev. Stat., § 7309), with only one offense—the manufacture of intoxicating liquor with intent to ''sell and dispose of same.''

''Manufacturing, with whatever purpose or intent, was but one offense, whether for personal use or for disposition or sale.'' *State v. Matson,* 127 Wash. 513, 221 Pac. 311.

In charging one with violation of the intoxicating liquor statutes, it is not necessary to specify that the intoxicating liquor mentioned in the complaint or information was ''capable of being used as a beverage.'' *State v. Misetrich,* 124 Wash. 470, 215 Pac. 13.

Appellant next insists that the evidence did not warrant a verdict that she was guilty of manufacturing intoxicating liquor with intent to sell the same; that the record is bare of evidence of intent to sell.

At the time of the arrest of appellant, a still, which appellant claimed belonged to her, was in operation. In that house in which the still was operating—in that moonshine manufactory—were seventy-seven gallons of whiskey and seventeen hundred and fifty gallons of mash. The only reasonable inference is that the appellant had manufactured, and had in the course of manufacture, liquor in quantities in excess of the amount required for the use of one person. The evidence was ample to warrant the jury's conclusion that the appellant manufactured the liquor for the purpose

of selling same. *State v. Matson,* 127 Wash. 513, 221 Pac. 311.

■ The assignment that "the court erred in giving instruction No. 6," cannot be considered. The exception to that instruction was taken for the reason "that such instruction does not instruct in the manner as provided by law, this being an action for the manufacture of intoxicating liquor with intent to sell." The exception was insufficient under Rule of Practice VI (Rem. Rev. Stat., § 308-6) which requires exceptions to "be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute." *Wallin v. Massachusetts Bonding & Ins. Co.,* 152 Wash. 272, 277 Pac. 999.

We refrain from discussing the other assignments of error, as they are without substantial merit and none presents a novel question. A careful examination of the record fails to disclose reversible error; therefore, the judgment should be, and it is, affirmed.

BEALS, C. J., MITCHELL, and HOLCOMB, JJ., concur.