[Nos. 24681, 24682. Department Two. December 12, 1933.]

ROBERT F. BOWN, SR., *Individually and as guardian ad litem of Robert F. Bown, Jr., a minor, Appellant,* v. THE CITY OF TACOMA *et al., Respondents.*[1]

[1]Reported in 27 P. (2d) 711.

*Louis J. Muscek,* for appellants.

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for respondents.

GERAGHTY, J.—Two actions were instituted by Robert F. Bown, Sr., against the city of Tacoma, Paul Lodge and wife, Frank Hiteshue and wife, and Verne L. Kent and wife; one as guardian of his minor son, Robert F. Bown, Jr., ten years of age, on account of personal injuries sustained by the minor, and the other in his own right, for medical expenses incurred on account of these injuries. The two cases were consolidated for purpose of trial and appeal. The defendants Kent and wife and Hiteshue and wife having been dismissed from the actions in the course of the trial, the jury returned verdicts in favor of the remaining defendants, and judgments of dismissal were entered thereon. The plaintiffs appeal.

In the afternoon of September 18, 1932, a service truck of the Tacoma light department was stationed in the alley between South Tacoma avenue and South G street, about two hundred fifty feet north of South Fortieth street, in the city of Tacoma. The service truck, with a crew of two men—Paul Lodge, driver, and Frank Hiteshue, lineman—had gone there in response to a notice that a transformer on a pole at this point in the alley was out of order. Verne L. Kent, superintendent of distribution in the Tacoma light department, lived close by, and had telephoned the light department of the line trouble in his neighborhood. After the arrival of the truck, Kent, who was off active duty that day, joined the other two employees, but does not appear to have taken any active part in their work. Lineman Hiteshue ascended the pole to make repairs, while Lodge, the driver, assisted him by taking from the truck and drawing up

with a rope the supplies required. While thus stationed and while the repairs were in progress, several children, including the Bown boy, appeared in the alley and in adjoining yards.

After the transformer had been repaired, Lodge, Hiteshue and Kent got upon the front seat of the truck, and Lodge proceeded to drive backward toward another pole three hundred feet south, where repairs were also required to be made. To reach this point, the truck would be required to cross South Fortieth street. As it approached South Fortieth street, the attention of its occupants was attracted by a man shouting and waving at them. The truck was stopped and the men got out and found the boy Bown lying near the front wheel of the truck, the hind wheel having passed over his head, inflicting serious injuries.

Lodge and Hiteshue testified that, before starting, they looked carefully down the alley and on both sides of the truck and saw no one in the alley or about the car. A wood truck and another car were parked in the alley. These were passed in the course of the backward movement of the truck. Lodge testified that the speed of the truck was about five or six miles an hour. The boy testified that he was in the alley before the truck started and some distance away toward South Fortieth street; that, as the truck was headed north, he thought it would proceed in that direction; and that, while he heard the noise of the motor before the truck was put in gear, he assumed the car would go forward. He testified that the car hit him as he was walking in the direction of South Fortieth street and threw him upon the rear bumper, and that he kept himself in this position by holding onto a knob on the rear doors of the truck. No other witness saw how he got on the bumper. Two witnesses testified to

seeing him on the bumper as the truck proceeded toward South Fortieth street.

It may be said here that, whatever may be the truth as to how the boy got upon the bumper, the immediate cause of his falling off was the fact that, when the truck struck a depression near South Fortieth street, the jar caused the rear doors of the truck to swing open, throwing the boy behind the rear wheel. The rear bumper was only three inches wide, and the respondents claimed that this fact disproved the boy's story of how he came to be upon it; that it was physically impossible for him to be struck and thrown upon it in the manner alleged. They sought to establish the view that the boy placed himself on the bumper before the truck started. If he had done this, he could not have been seen from the front by looking on either side of the truck or through the glass portion of the rear doors. These divergent views as to how he got upon the bumper raised the controlling issue of fact in the case.

The appellants complain of the trial court's denial of their motion to strike certain affirmative defenses. These defenses alleged contributory negligence on the boy's part in not observing the movement of the truck and giving it the right-of-way, as required by city ordinance; that, having heard the motor before the car started and knowing the truck was about to move, he did not pay any attention thereto; that, if he was on the bumper of the truck, it was the rear bumper, and he placed himself upon it without the driver's knowledge and in violation of a city ordinance, and that he was ten years of age and mentally bright enough to know the danger of riding the rear bumper of the car while in motion. It is argued that these defenses were inconsistent in part, and in part

imposed an unwarrantable degree of accountability upon a boy ten years of age.

We see no merit in either contention. The boy was upon the rear bumper of the truck as it moved toward South Fortieth street. How he came to be on the bumper, was the controlling question of the case. He could have been struck and thrown on, as the complaint alleged, or gotten on when the truck was standing, or jumped on while it was in motion. The respondents could, without violating the rule against pleading inconsistent defenses, make appropriate averments of contributory negligence to meet either possibility. *Irwin v. Holbrook,* 32 Wash. 349, 73 Pac. 360; *Irwin v. Buffalo Pitts Co.,* 39 Wash. 346; 81 Pac. 849.

Since the appellants' complaint referred to the boy's age, they cannot object to the respondents referring to the fact in their affirmative defense by alleging that, being ten years of age, he was old enough and intelligent enough to be aware of the danger attendant upon riding the bumper of a car while in motion.

■ Error is also assigned on account of the dismissal from the action of the respondents Hiteshue and Kent. A careful reading of the record convinces us that there was no ground for holding them in the case. Lodge drove the truck and controlled its move-. ments. Hiteshue's duty as a lineman was to make the necessary repairs, with the assistance of Lodge. He exercised no control over the movements of the truck. As to Kent, it appears that he took no part in the operations, was not working that day, and appeared in the alley in slippers and shirtsleeves. Certainly, if he had been in his office that day and had sent the repair crew out to make the repairs in question, he would not be held in any way responsible for the acci-

dent. His mere presence while the men were at work did not impose any greater liability.

The appellants further complain that the court permitted the cross-examination of the boy as to his habit of riding on cars and bumpers in the alley where the accident happened and in adjoining streets, and permitted other witnesses to so testify. The boy's habit in this respect was developed in his own cross-examination by respondent's counsel. The cross-examination had proceeded to considerable length before appellants' counsel interposed an objection. The court sustained the objection, evidently because the question had been gone into far enough.

Two other witnesses were permitted to testify as to the boy's habit in this respect. Other than objecting, appellants' counsel moved no further against this testimony.

Independently of this, however, it was not error to permit the testimony. *Allard v. Northwestern Contracting Co.*, 64 Wash. 14, 116 Pac. 457. On the issue of contributory negligence, while the boy's actions were not to be measured by the same rule that would be applied to adults, it was proper to show his habit in relation to cars, to be weighed by the jury under proper instructions.

Appellants also claim error in the giving of certain instructions and in the refusal to give other instructions requested by them. We find the instructions given by the trial court fully and fairly cover all the issues in the case; but, apart from this, a discussion of the assignment is precluded by appellants' failure to conform to the requirements of Rule of Practice VI (Rem. Rev. Stat., § 308-6) of this court, which requires exceptions to be specific. *Wallin v. Massachusetts Bonding & Insurance Co.*, 152 Wash.

272, 277 Pac. 999; *State v. Eckert,* 173 Wash. 93, 21 P. (2d) 1035.

What we have already said disposes of appellants' final assignment of error predicated on the denial of the motions for a new trial.

The judgments will be affirmed.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.