[No. 27634. Department One. November 9, 1939.]

STANDARD FINANCE COMPANY, *Respondent*, v. A. R. TOWNSEND *et al.*, *Appellants.*[1]

*Guy E. Kelly* and *Carl H. Skoog*, for appellants.

*Binns & Cunningham,* for respondent.

MAIN, J.—By this action, the assignee of the conditional bill of sale sought a money judgment for the balance upon the contract. The cause was tried to the court without a jury, and resulted in findings from which it was concluded that the plaintiff was entitled

[1]Reported in 95 P. (2d) 786.

to prevail. Judgment was entered for $1,083, from which the defendants appeal.

A. R. Townsend will be referred to as though he were the only appellant.

On or about July 26, 1938, the appellant purchased from Feutz, Inc., a corporation dealing in automobiles, a used car, under, as already stated, a contract of conditional sale. The contract was assigned by Feutz, Inc., the vendor, to respondent, the Standard Finance Company, a corporation. Thereafter, the appellant found himself unable to meet the payments provided for by the contract and offered to surrender the automobile to the respondent, and this offer was refused. Sometime later, the respondent instituted this action, having elected to declare all of the payments due. The prayer of the complaint was for a money judgment, and that the automobile be sold and the proceeds applied to the satisfaction of the respondent's claim. In the complaint, there was a statement that "plaintiff does not by this action convey title to the above described property."

After the action was begun by the filing of the complaint with the clerk of the superior court, an attachment was issued, and by the sheriff levied, upon the automobile. It was subsequently sold under the attachment for six hundred and fifty dollars.

The question here is whether the respondent had a right to attach the automobile. This, in turn, depends upon whether the title thereto had passed definitely and irrevocably to the appellant. Under a conditional sale contract, the absolute title to the property covered thereby remains in the vendor. *Lahn & Simmons v. Matzen Woolen Mills*, 147 Wash. 560, 266 Pac. 697. In case of default, the vendor has two remedies: He may either retake the property or bring an action for a money judgment. These are inconsistent

remedies, and both are not available *Rodger v. Johnson,* 148 Wash. 675, 270 Pac. 105; *Jones-Short Motor Co. v. Bolin,* 153 Wash. 198, 279 Pac. 395.

When the vendor elects to bring an action for a money judgment, the commencement of the action to enforce that remedy constitutes an election which is not thereafter revocable. *Eilers Music House v. Douglass,* 90 Wash. 683, 156 Pac. 937. In bringing such an action, the vendor "thereby renders the sale absolute, passing title to the vendee." 3 Jones, Chattel Mortgages and Conditional Sales (Bowers ed.), 383, § 1309. Having the right to bring an action for a money judgment, the vendor has the concurrent right to attach any property belonging to the vendee. "He may attach the conditionally-sold chattels in the hands of the vendee." 3 Jones on Chattel Mortgages and Conditional Sales (Bowers ed.), § 1312. It follows that, when the complaint in this case was filed, the title to the automobile at that instant passed to the appellant, and the respondent had a right to attach it.

The appellant, however, says that the respondent has no right to avail itself of this, because the complaint recited, as above stated, that the title to the property was reserved.

We recognize the rule that a pleading is construed most strongly against the pleader, and that an express admission in a pleading should control and exclude testimony tending to show the contrary, until the inconsistency was removed or obviated by an amendment. *Irwin v. Buffalo Pitts Co.,* 39 Wash. 346, 81 Pac. 849. That rule, however, is not here applicable. In the complaint which we are now considering, what was said was not an admission, but an attempted reservation of a right which the law says, as already pointed out, the vendor could not assert, because he

had elected to bring an action for a money judgment and thus automatically put the title in the vendee.

In the case of *Kimble Motor Car Co. v. Androw,* 125 Wash. 225, 215 Pac. 340, it was held that the filing of a claim against the estate of the deceased vendee by a conditional sales vendor constitutes an election to seek relief in court, and waives the right to reclaim the property. In that case, the vendor, in his claim, expressly stated that the right to retake the property was not waived. It was there said:

"We do not lose sight of the attempted reservation of title to the automobile made in the recitals of appellant's claim above quoted. Such recitals did not in any sense constitute a legal proceeding seeking recovery of the property; and we think must be now considered of no effect as against the election to seek payment of the purchase price as a debt owing to appellant by the estate."

The judgment will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.